In the Matter of the Application for the Probate of the Last Will and Testament of KATE L. LAUDY, Deceased.— KATE P. U. ELLIOTT, Contestant, Appellant; THE PETER COOPER UNION et al., Legatees, Respondents.

| 148 | 403 |
| s 161 | 431 |
| 148 | 403 |
| 167 | 467 |
| 167 | 468 |

1. WILL — SUBSCRIBING WITNESSES. Subscribing witnesses to a will are required for the purpose of attesting and identifying the signature of the testator; and in order to do this, it is essential that they should see the testator subscribe his name, or that with the signature visible to them he should acknowledge it to be his.

2. PROBATE — REVERSAL OF SURROGATE'S DECREE — QUESTION OF FACT — TRIAL BY JURY. Upon appeal from a judgment of General Term of the Supreme Court, which reversed a decree of a Surrogate's Court refusing probate to a will and directed the Surrogate's Court to admit the will to probate, it appeared that the surrogate found that the instrument was not subscribed by the testatrix in the presence of either of the two subscribing witnesses, and that the testatrix did not declare to either of them that she had subscribed the instrument; but it appeared that the testimony of one of the subscribing witnesses tended to show that the signature of the testatrix was upon the instrument at the time it was presented to him for his signature, and that she then stated that she had signed it, while the testimony of the other subscribing witness was to the effect that at the time the paper was presented to her it was so folded that she saw only the signature of the other subscribing witness, and that she recalled no expression on the part of the testatrix, in the conversation between the testatrix and the other subscribing witness, in which she stated that she had signed the instrument. *Held*, that this testimony presented a question of fact which the General Term was empowered to determine (Code Civ. Pro. § 2586), and that its reversal of the Surrogate's Court thereon should not be interfered with; but that, instead of directing the admission of the will to probate, the General Term should have ordered the trial of the question of fact by a jury. (Code Civ. Pro. § 2588.)

3. PROBATE — REVERSAL OF SURROGATE'S DECREE — QUESTION OF FACT — TRIAL BY JURY. When the Supreme Court, upon an appeal from a decree of a Surrogate's Court made upon a petition to admit a will to probate, reverses the decree upon a question of fact, it must, by force of section 2588 of the Code of Civil Procedure, direct a trial by a jury, unless the evidence disclosed by the record is such that in case of a trial before a jury the court could properly take the facts from the jury and determine the question as one of law.

4. REVERSAL UPON FACTS. Although a review of the opinion of the General Term may indicate that a reversal of a judgment by it was based upon the facts, the presentation of a certificate of the General Term stat-

ing that its reversal was upon "the ground stated in the opinion" is not a proper mode of informing the Court of Appeals that the reversal was upon a question of fact.   (Code Civ. Pro. § 1338.)

*Matter of Hunt* (110 N. Y. 278), distinguished.

*Matter of Laudy* (78 Hun, 479), modified.

(Argued March 18, 1895 ; decided October 15, 1895 ; motion for re-argument granted December 3, 1895 ;* re-argued January 24, 1896 ; decided February 18, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of April, 1894, which reversed a decree of the Surrogate's Court of the county of New York refusing probate to the alleged last will and testament of Kate L. Laudy, deceased, and directed the Surrogate's Court to admit such will to probate.

This proceeding was commenced by the petition of Louis H. Laudy to have the instrument in question, in which he was named as executor, admitted to probate as the will of Kate L. Laudy, deceased.   The instrument purported to be signed by the testatrix directly after the attestation clause and above the signatures of the attesting witnesses, as appears from the following copy of the last paragraph of the will and the attestation clause :

"In witness whereof I have hereunto set my hand and affixed my seal the ———— day of June, in the year of Our Lord One thousand eight hundred and ninety.

"————————.   [L. S.]

"The foregoing instrument was, at the date thereof, signed, sealed, published and declared by the said testatrix, in our presence as and for her last will and testament, and thereupon we, at her request and in her presence, and in the presence of each other, subscribe our names as witnesses hereto.

"KATE L. LAUDY.
"WILLIAM H. PORTER, M. D.
"CORNELIA N. EDWARDS."

* See 147 N. Y. 699, 721.

The decree of the surrogate adjudged that the instrument was not executed and attested in the manner prescribed by law for the execution and attestation of last wills and testaments. The General Term held that the evidence required a finding that the signature purporting to be that of the testatrix was hers, and that the testimony contained a declaration of the testatrix to the attesting witnesses that she had signed the instrument; and also held that the subscription by the testatrix was at the end of the will within the meaning of the statute.

Additional facts are stated in the opinion.

*Daniel G. Rollins* for appellant Kate P. U. Elliott. The surrogate had found as a fact that the signature of Mrs. Laudy was not seen by Mrs. Edwards and was not shown to her. The Supreme Court found as a fact that Mrs. Edwards did see Mrs. Laudy's signature. We submit that the Supreme Court has erred in this matter and not the surrogate. (*In re Mackay*, 110 N. Y. 611.) Notwithstanding the pronounced difference between the surrogate and the Supreme Court in the case at bar upon a question of fact, the Supreme Court declined to order a trial by jury, and directed the Surrogate's Court to admit the paper here in dispute to probate. (Code Civ. Pro. §§ 1338, 2588.)

*P. H. Vernon* for Woman's Hospital, respondent. The evidence shows the subscription by Mrs. Laudy at the end of the will. (*Younger* v. *Duffie*, 94 N. Y. 535; *Buckhout* v. *Fisher*, 4 Dem. 277–290; *In re Boardman*, 46 N. Y. S. R. 444; *In re Phillips*, 98 N. Y. 267, 271; *In re Wilcox*, 59 Hun, 627.) The exhibition of the will and the testator's signature attached thereto and her declaration to the witness that it was her last will and testament, and her request to the witness to attest the same, were a sufficient acknowledgment of the signature and publication of the will. (*In re Phillips*, 98 N. Y. 267; *Baskin* v. *Baskin*, 36 N. Y. 416; *In re Wilcox*, 37 N. Y. S. R. 462; 43 N. Y. S. R. 191; *Jauncey* v.

*Thorne*, 2 Barb. Ch. 40.) It is not necessary for a testator to call the attention of the witnesses to his signature, or even for them to notice it, but it is sufficient if the signature is at the end of the paper and visible to the witnesses. (*In re Look*, 26 N. Y. S. R. 745; 125 N. Y. 762; *In re Austin*, 45 Hun, 1; *Willis* v. *Mott*, 36 N. Y. 486; *Buckhout* v. *Fisher*, 4 Dem. 277; *In re Trenor*, 18 N. Y. S. R. 807; *Blake* v. *Blake*, L. R. [7 Prob. Div.] 102; 46 L. T. R. [N. S.] 641; *In re Higgins*, 94 N. Y. 554; *In re Hunt*, 110 N. Y. 278.) There is nothing in this case to justify the statement of the learned counsel for appellant that the surrogate and the Supreme Court are in direct conflict as to the fact whether or not Mrs. Edwards saw the signature of Mrs. Laudy; that if the conclusion of the Supreme Court as to the fact can be sustained at all there was conflicting evidence at the trial, and that Mrs. Edwards testifies positively that she did not see Mrs. Laudy's signature. (*In re Hunt*, 110 N. Y. 278.) Failure of recollection on the part of an attesting witness cannot, of course, create a conflict of evidence, nor will it be allowed to defeat probate. (*Orser* v. *Orser*, 24 N. Y. 52; *Jauncey* v. *Thorne*, 2 Barb. Ch. 39, 59; *Lewis* v. *Lewis*, 11 N. Y. 220, 224; Code Civ. Pro. § 2620.)

*H. B. Closson* for Cooper Union, respondent. The General Term erred in favor of the contestant in refusing, as they did, to give any weight or significance to the presence of the formal attestation clause. (*Rugg* v. *Rugg*, 83 N. Y. 592; *Peebles* v. *Case*, 2 Bradf. 226; *In re Cottrell*, 95 N. Y. 329.) The assertion of the appellant's brief that the Supreme Court and the surrogate are in conflict as to whether or not Mrs. Edwards saw the signature of Mrs. Laudy, that Mrs. Edwards testified that she did not see it, is erroneous. (*In re Bedell*, 2 Connolly, 328; *In re Martin*, 98 N. Y. 193.)

HAIGHT, J. The instrument in question was witnessed by Dr. William Henry Porter and Mrs. Cornelia N. Edwards, who signed the attesting clause thereof on the 9th day of

April, 1891, at the request of the testatrix. The surrogate, however, found as facts:

" V. That said instrument was not subscribed by said Laudy in the presence of either said Porter or said Edwards.

" VI. That the signature and name of said Laudy to said instrument was not read by or to, nor was it seen by or visible to either of the said witnesses when they signed said instrument as witnesses to said instrument, nor at any time during the said interview.

" VII. It is not proved that when said witnesses attested said instrument Mrs. Laudy's name had been subscribed thereto.

" VIII. That at no time did the said Laudy declare to said Porter that she had subscribed her name to said instrument.

" IX. That at no time did said Laudy declare to said Edwards that she had subscribed her name to said instrument.

" X. That at the time said Laudy showed the paper instrument in question to said Porter her signature was not shown to or read by him nor by Mrs. Edwards, and was not then or at any time during that interview known by them or either of them to be then upon the said instrument."

The General Term appears to have reached the conclusion that the testimony of the subscribing witnesses, considered in connection with the circumstances attending the execution of the will, required a finding that the testatrix complied with the demands of the statute. The statute with reference to the manner of executing wills, among other things, provides: " 2. Such subscription shall be made by the testator, in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made, to each of the attesting witnesses." (2 R. S. 63, § 40.)

In *Matter of the Probate of the Last Will and Testament of James Mackay, Deceased* (110 N. Y. 611) it was held that subscribing witnesses to a will are required for the purpose of attesting and identifying the signature of the testator; and, in order to do this, it is essential that they should see the testator subscribe his name, or that with the signature visible

to them he should acknowledge it to be his.  (See, also, *Lewis* v. *Lewis*, 11 N. Y. 221; *Mitchell* v. *Mitchell*, 16 Hun, 97; affirmed in this court in 77 N. Y. 596.)

The testimony of Dr. Porter tends to show that the signature of the testatrix was upon the instrument at the time that it was presented to him for his signature, and that she then stated that she had signed it.  But the testimony of Mrs. Edwards is, in substance, to the effect that at the time the paper was presented to her, for her signature, it was so folded that she saw only the signature of Dr. Porter, and speaking with reference to the conversation between the testatrix and the doctor, she recalls no expression on the part of Mrs. Laudy, in which she stated that she had signed the instrument.  A question of fact is thus presented as to whether she did or did not see the signature, and as to whether the testatrix declared it to be hers.  This question to some extent involves the credibility of Mrs. Edwards' and the doctor's testimony, as well as the inferences to be drawn from the circumstances surrounding the execution of the instrument.

The General Term, in this class of cases, is given the same power as the surrogate to determine the facts.  (Code Civ. Pro. sec. 2586.)

The testimony of Mrs. Edwards was insufficient to authorize the admission of the will to probate, and it is only upon the theory that her testimony was not true that the General Term could reverse, but that court is given broad powers under the provisions of the Code referred to, and, in the exercise of its sound judgment and discretion, may reverse in case it becomes satisfied that substantial justice has not been done. We think, therefore, that we ought not to interfere with the judgment of the General Term, insofar as it reverses the decree of the surrogate.  But we think it ought not to have deprived the parties of another trial.  As we have seen, the question of fact presented involves the credibility of the witnesses, the difference between Dr. Porter's and Mrs. Edwards' testimony as to the exhibition of the testatrix's signature and her alleged declaration with reference thereto, together with

the inferences to be drawn from the surrounding circumstances. The case is clearly distinguishable from that of *Matter of Hunt* (110 N. Y. 278). The true test is, in a trial before a jury, could the court properly take the facts from the jury and determine the question as one of law? This we think could not properly be done under the testimony presented.

Section 2588 of the Code provides that "where the reversal or modification of a decree by the appellate court is founded upon a question of fact, the appellate court must, if the appeal was taken from a decree made upon a petition to admit a will to probate, or to revoke the probate of a will, make an order directing the trial, by a jury, of the material questions of fact arising upon the issues between the parties." It appears to us that this provision applies to the case presented and that a trial by jury should have been directed. A certificate of the General Term was presented showing that the decree of the surrogate was reversed upon the ground stated in the opinion. A review of the opinion indicates that the reversal was based upon the facts. The case has been argued in this court upon the merits, and we have concluded to treat the judgment of reversal as having been made upon the facts, but we wish it to be distinctly understood that this conclusion is not to be regarded as a precedent or as holding that the certificate is a compliance with the provisions of section 1338 of the Code (Civ. Pro.), which provides that "upon an appeal to the Court of Appeals from a judgment, reversing a judgment entered upon the report of a referee or a determination in the trial court; or from an order granting a new trial, upon such a reversal; it must be presumed that the judgment was not reversed, or the new trial granted, upon a question of fact, unless the contrary clearly appears in the record body of the judgment or order appealed from." We think that the General Term ought to be able to determine whether their reversals are made upon the facts or the law, and that this court ought not to be compelled to go to the opinion for the purpose of determining that question.

The judgment of the General Term should be modified by striking out the clause directing the surrogate to admit the will

52

to probate, and by inserting instead thereof that a trial by jury be had at a trial term of the Supreme Court in the county of New York, of the question as to whether the subscription of the instrument in question was made by the testatrix in the presence of each of the attesting witnesses, or whether she acknowledged such subscription to have been so made to each of the attesting witnesses, and as so modified the judgment should be affirmed, with costs to abide the event.

All concur, except GRAY, J., who dissents upon the ground that there was no conflict in the evidence warranting a trial before a jury, and further that we should reverse the General Term and affirm the decree of the surrogate. BARTLETT, J., not sitting.

Judgment accordingly.