But this does not prove any cause of action or any valid claim against the company, nor any debt upon which the 'alleged judgment was rendered. We assume that the plaintiff offered the transcript in evidence to meet a suggestion in the former opinion, at page 251, 21 App. Div., and at page 680, 47 N. Y. Supp., where it was said:

"It is quite true that directors of a going concern having creditors, contracts, stockholders and a business, could not by agreement among themselves release each other from their obligations to the company, to the prejudice of the company, its stockholders and creditors."

The difficulty is that the proof offered does not meet the suggestion of the former opinion. There is no evidence of any valid claim against the company. The rendition of a bill by Carpenter would not prove it. The acknowledgment of some unspecified claim in the defendant's letter, and his promise to pay the claim referred to therein, although he appended the word "Treas." to his signature, does not prove it; and neither the judgment nor the existence of the original claim is anywhere alleged in the pleadings. The defendant had no notice by the pleadings of the plaintiff's intention to prove either any outstanding claim or the judgment itself. He might have desired to attack the judgment, because of jurisdictional defects, collusion, or fraud in obtaining it. The plaintiff, without citing authority, contends that section 933 of the Code of Civil Procedure authorizes the admission of the transcript of a judgment to prove the judgment itself. This section reads, "A transcript from a record kept, pursuant to law, * * * is evidence, as if the original was produced." What is the original referred to in the transcript? Only that a judgment for some cause of action has been docketed. That, and that only, is the evidence which the transcript affords. It proves no other fact than the recovery of a judgment, not what such judgment was for. Mr. Abbott, in his Trial Evidence (page 533), says: "There are four methods of proving a judgment, viz. by producing (1) a certified copy, (2) a sworn copy, (3) an exemplification, and (4) the original record."

We think the admission of the transcript of the judgment, instead of the judgment roll itself, without other evidence, was error. The judgment must be reversed, costs to abide the event. All concur.

(28 App. Div. 461.)

### BRANAGAN v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. April 19, 1898.)

EXCESSIVE VERDICT—POWER OF TRIAL TERM.

The trial term of the supreme court has clear authority to set aside a verdict considered excessive unless the successful party will consent to a reduction of the amount to a proper sum.

Appeal from trial term.

Action by Honora Branagan against the Long Island Railroad Company. From a judgment entered on a verdict for $1,000, and from an order denying a motion for a new trial, defendant appeals. Reversed on conditions.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Alfred A. Gardner (William J. Kelly, on brief), for appellant.

Malcolm R. Lawrence, for respondent.

GOODRICH, P. J.   The action is for the recovery of damages resulting from negligence, and the only question presented by the appellant on the argument of this appeal related to the excessive amount awarded for damages.    A motion for a new trial was made, and the justice who presided at the trial denied the same, delivering the following opinion:

"I think the verdict for the plaintiff amply warranted by the evidence.   The fact that the platform was made to slope to the Manhattan Beach tracks indicates conclusively that it was expected that passengers should cross the Manhattan Beach tracks at that point; but, if it were not for the disinclination of courts to interfere with the assessment of damages by juries, I should grant a new trial on the ground that the damages awarded were excessive.   The only permanent injury claimed is a slight hernia, and the evidence to connect that injury with the accident is so flimsy and unsubstantial that it is not credible that the jury should have found that this injury was the result of the accident.   The failure of the plaintiff to call her physician, without explanation, amounts practically to a confession that he could not testify in her favor as to the permanent injury claimed.   As stated above, if it were not that I consider the weight of precedent against it, I should certainly grant a new trial unless plaintiff stipulated to reduce the verdict to $500."

The final sentence may be open to the construction that the learned justice stated that the weight of precedent was against the right of the trial court to set aside or to reduce a verdict at the trial term, and it is only for this reason that we take occasion to say that the residence of such a power in the court at trial term is inherent, and beyond question, and needs no citation of authority.   We have had frequent occasion during the existence of the present appellate division of the supreme court to exercise the power of reducing verdicts which we considered excessive, but this power can never be used more satisfactorily than at the trial term, where the court has the opportunity, not only of seeing and hearing the parties and witnesses, but of judging of their behavior on the stand.   Bannon v. McGrane, 45 N. Y. Super. Ct. 517. It is to be regretted that this power has not more frequently been resorted to in cases where it is so clear that such manifest injustice has been done that the appellate division has been constrained to review and reduce the amount of verdicts which have apparently been rendered under the influence of passion, prejudice, partiality, sympathy, or misconception.   We have no hesitation in giving practical effect to the opinion of the learned justice at trial term, and reducing the amount of the verdict to $500, without further consideration of the evidence.

Judgment and order reversed, and new trial granted, costs to abide the event, unless the plaintiff within 20 days stipulates to reduce the recovery of damages to $500, in which case the judgment, as modified, is unanimously affirmed, without costs.   All concur.