FREDERICK KALFUR, an Infant, by FREDERICK W. KALFUR, his Guardian ad Litem, Respondent, *v.* BROADWAY FERRY AND METROPOLITAN AVENUE RAILROAD COMPANY, Appellant.

*Negligence — injury to a child necessitating amputation of one of its legs — where the trial court has not disclosed its real judgment a verdict for $15,000 will not be set aside by the Appellate Division.*

In an action to recover damages occasioned by the injury of a child through the alleged negligence of a railroad company, necessitating the amputation of one of his legs above the knee, a verdict of the jury for $15,000 will not be set aside by the Appellate Division as excessive, where the trial court has, in the exercise of its inherent discretionary power, felt itself constrained by precedents in other cases to deny an application to set aside the verdict as excessive, and the Appellate Division is not, therefore, able to determine what the real judgment of the trial court was upon the facts of the case.

GOODRICH, P. J., dissented.

APPEAL by the defendant, the Broadway Ferry and Metropolitan Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 30th day of March, 1898, upon the verdict of a jury for $15,000, and also from an order bearing date the 30th day of March, 1898, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Thomas S. Moore,* for the appellant.

*Charles J. Patterson,* for the respondent.

WOODWARD, J.:

The plaintiff in this action, an infant, was injured in an accident on the line of the street surface railroad operated by the defendant on Metropolitan avenue in Middle Village, Queens county, on the 15th of October, 1892. It was established on the trial, and it is not ques-

tioned on this appeal, that the child was injured through the negligence of the defendant, making it necessary to amputate one of the legs above the knee. The only point argued in this court is that the verdict of the jury, on which a judgment for $15,941.25 was entered in behalf of the plaintiff, is excessive.

The learned trial court, in denying a motion for a new trial, writes an opinion in which it enters into a calculation tending to show that the judgment is excessive, and says: " I had an opinion, growing out of my own view and discretion, in respect of whether the verdict be excessive. But that is not what must control me. Counsel have furnished me with a list of the cases in which such verdicts have and have not been reduced. Verdicts as large and larger for like injury have been upheld, as a rule, though it is true some have been reduced. Exercising my discretion in the light of precedent, and constrained thereby, I must deny the motion to reduce. Trial judges were never so reluctant to exercise any discretion whatever as they are at present, for reasons that are growing obvious to the bar. They do not have things presented to them under the disguise of print, and with academic afterthoughts and refinements, but in their every day reality, just as they are generally seen and understood. Discretion exercised under these different conditions cannot in the nature of things be the same."

Whatever the weight of precedent which has constrained the learned court to forego the exercise of a sound discretion in the discharge of its official duties, there is an abundance of authority for the exercise of such discretion. Within the year Presiding Justice GOODRICH, of this court, writing the opinion in the case of *Branagan* v. *Long Island R. R. Co.* (28 App. Div. 461), said: " The final sentence may be open to the construction that the learned justice stated that the weight of precedent was against the right of the trial court to set aside or to reduce a verdict at the Trial Term, and it is only for this reason that we take occasion to say that the residence of such a power in the court at Trial Term is inherent and beyond question, and needs no citation of authority. We have had frequent occasion, during the existence of the present Appellate Division of the Supreme Court, to exercise the power of reducing verdicts which we considered excessive, but this power can never be used more satisfactorily than at the Trial Term, where the

court has the opportunity, not only of seeing and hearing the parties and witnesses, but of judging of their behavior on the stand. * * * It is to be regretted that this power has not more frequently been resorted to in cases where it is so clear that such manifest injustice has been done that the Appellate Division has been constrained to review and reduce the amount of verdicts which have apparently been rendered under the influence of passion, prejudice, partiality, sympathy or misconception."

While, therefore, there is undoubted authority for the exercise of discretion on the part of the trial court, this is a power not to be used arbitrarily or without careful consideration of the facts as established by the evidence. In the opinion handed down by the learned trial court, we are told that the "plaintiff, a boy eighteen months old at the time of the injury, lost his leg below the knee." The pleadings and the evidence clearly establish that in the case at bar the plaintiff lost his leg above the knee, and, in the absence of the exercise of that discretion inherent in the court at Trial Term, we are unable to determine whether the learned court would, in view of the facts, deem itself justified in reducing the verdict found by the jury. In the absence of such light upon the question, and in view of the fact that the law contemplates that the person injured shall be compensated for the loss and the pain and suffering which he has been called upon to endure through the negligence of another, we are not prepared to say that the verdict in this case is excessive.

The judgment should be affirmed.

All concurred, except GOODRICH, P. J., who read for reversal.

GOODRICH, P. J. (dissenting):

I cannot concur in the conclusion of Mr. Justice WOODWAR for affirmance as I think grave error has been committed by the learned justice below in refusing to exercise his discretion. In denying a motion to set aside the verdict as excessive he delivered an opinion which clearly evinces his belief that the verdict was excessive, but said that his opinion upon the subject was not what must control him, and intimated a doubt whether it was wise for him or any trial justice to exercise his unquestionable prerogative to set aside an excessive verdict.

As Mr. Justice WOODWARD states in his opinion, there can be no doubt that it is the duty of the trial justice to exercise his discretion in a proper case, and, in my opinion, to refuse to do so constitutes reversible error.

It is settled law in this State that the Court of Appeals will not resort to the opinion of the General Term or the Appellate Division of the Supreme Court in passing upon the questions involved in an appeal to that court. This is in accordance with section 1338 of the Code of Civil Procedure relating to such appeals and providing that on such an appeal it must be presumed that the judgment was not reversed, or the new trial granted upon a question of fact, unless the contrary clearly appears in the record body of the judgment or order appealed from. (*Matter of Laudy*, 148 N. Y. 403.)

I am, however, unable to find any authority which applies this rule to the Appellate Division in deciding an appeal from the trial court. On the contrary, there can be no doubt of the right of the Appellate Division to consider on an appeal the opinion of the trial court, as rule 41 of the General Rules of Practice provides for the printing of such opinion as part of the record on appeal.

In *Hewlett* v. *Wood* (67 N. Y. 394, 399) the court, in speaking of an appeal to this court, said: "The order cannot be qualified in its operation and effect by reference to the opinion of the court. The court speaks by its order, and effect must be given to it according to its terms. If the order appealed from was made in the exercise of the discretion of the court the appeal must be dismissed; but if granted by reason of supposed want of power, as it seems to have been, it must be reversed and the proceedings remitted that the court may, in its discretion, make such disposition of the application as shall be deemed proper. It was the duty of the court below to decide the motion upon its merits and in the exercise of the discretion vested in it."

It is manifest that the constraint felt by the learned trial justice has prevented the use of his discretion upon the motion to set aside the verdict, whereby the appellant has been deprived of a legal right, and for this reason I think that the order should be remitted to the trial justice in order to give him an opportunity to exercise his discretion in passing upon the motion to vacate the verdict.

Judgment and order affirmed, with costs.