(26 Misc. Rep. 244.)

### QUIRK v. SIEGEL-COOPER CO.

(Supreme Court, Trial Term. Kings County. February, 1899.)

1. DANGEROUS PREMISES—CONTRIBUTORY NEGLIGENCE.

Plaintiff, passing down the corridor of a department store, fell on a skid placed on steps in the aisle. She was familiar with the steps, and saw them as she approached, but did not know of the presence of the skid, which was built to fit into the steps; its presence not being disclosed by any barrier or warning. Her attention was attracted by goods displayed on either side of the aisle, and, as she reached the end, she stepped to go down, and fell. Held, that she was not guilty of contributory negligence as a matter of law.

2. SAME—COMPLAINT—SPECIFIC INJURIES—EVIDENCE.

A complaint for personal injury, in general terms, is sufficient to authorize the admission of evidence of all specific hurts directly resulting therefrom.

3. SAME.

A complaint for personal injury does not, by enumerating specific injuries sustained, exclude all others.

4. NEGLIGENCE—EXCESSIVE VERDICT—DISCRETION.

Whether a verdict should be set aside as excessive is within the legal discretion of the court.

5. SAME.

Plaintiff was injured by falling on a skid in a department store. She was bruised, her knee impaired, her nerves permanently injured, and she suffered distressing incontinence of urine. Held, that a verdict for $15,000 was excessive.

Action by Margaret Quirk against the Siegel-Cooper Company. Verdict for plaintiff. Motion to set aside the verdict sustained, unless plaintiff consents to a remittitur.

The defendant keeps a large department store. A corridor runs through the building, and at each end of it people come in from the street. At regular intervals along one side of it is a rise of four marble steps up to aisles or lanes which run thence across a large store floor. Merchandise is displayed and sold on each side of the aisles. The plaintiff went up by one of these section steps. She came back by the same or another aisle. She had been there before and was familiar with the steps and the place. As she came along to the steps to go down the goods displayed on either side right up to the steps attracted her attention. She knew the steps were ahead and that she was going down by them. She saw they were there as she was coming along. The stairway was 18 feet wide. Down the middle of the steps at the time was laid a slide or skid 3 feet 6 inches wide to run handtrucks up and down with goods. It was there only temporarily. No one was in charge of it, nor was there any barrier or warning up. It was fitted into the steps by means of side pieces under it cut to fit into the steps. There were no side pieces or rails extending up. As she reached the end of the aisle and came to the steps she stepped to go down, but instead stepped upon the said skid. Her foot slipped forward from under her and she came down heavily. She did not see the skid till she fell. There were 7 feet of clear space of the steps on each side of it. The plaintiff weighed 226 pounds, is 42 years old and has borne 10 children.

Samuel S. Whitehouse, for plaintiff.
John C. Robinson, for defendant.

GAYNOR, J.   I do not see that as matter of law the plaintiff was guilty of negligence in stepping on the skid.  On the contrary, I can see how a careful person could do just that.   One coming along in a familiar place sees where the stairs are ahead, and without keeping the eye on them all the while knows when he reaches them, and steps to go down.   It is every one's experience, and I have noticed people in stores just like this meeting familiar stairs.   They do not approach them suspiciously but naturally.   They know they are there, and just where to step down without keeping the eye constantly on the spot.   The plaintiff knew when she came to the steps, even though her eyes were distracted by the goods displayed at either hand.   They were put there to attract her eye.   She did not suspect that the skid or any obstruction was there.   Why should she?   Did any one ever before see such a thing without guard or warning in such a place?   And in this I think the jury were able to find the defendant negligent.

The plaintiff was allowed to testify to the degeneration of her eyesight which set in after the accident.   It was objected that the complaint specified no injury to the eyesight.   The complaint is in general terms, and that is enough to enable evidence of all specific hurts and all direct results therefrom to be given.   It does not by an enumeration of specific hurts and results exclude all others.   The exception to the overruling of this objection does not seem good.   No other objection was made.   The evidence came in accompanied by the statement of the witness that her eyes had been examined and treated by an eye specialist.   The proper order of evidence was for the plaintiff to tell the trouble with her eyes, and then for the specialist to give the cause.   The testimony was therefore in order and properly admitted.   But the specialist was not called.   It was then for counsel for the defendant to move that the evidence be struck out for lack of evidence of the cause, if he thought such to be the case; for no objection had been raised to the evidence except that the eye trouble was not specifically pleaded.   Such motion not having been made the question of relevancy was never raised.

The verdict is said to be excessive.   I have a discretion to exercise in respect of setting it aside for that reason.   I do not understand that a judge's discretion in that respect, if in any, is loose or unconstrained; but that it is confined within the latitude fixed by rules and precedents.   In the recent case of Kalfur v. Railroad Co., 34 App. Div. 267, 54 N. Y. Supp. 503, the trial judge on a motion like this said:

"I had an opinion growing out of my own view and discretion in respect of whether the verdict be excessive.   But that is not what must control me. Counsel have furnished me with a list of the cases in which such verdicts have and have not been reduced.   Verdicts as large or larger for like injury have been upheld as a rule, though it is true some have been reduced.   Exercising my discretion in the light of precedent, and constrained thereby, I must deny the motion to reduce."

To this the learned judge there writing on appeal says:   "Whatever the weight of precedent which has constrained the learned court to forego the exercise of a sound discretion in the discharge of its official duties, there is an abundance of authority for the exercise of

such discretion"; and more of the same purport. No doubt there is abundant authority for a judge to exercise his discretion, and no one ever denied it. But is it to be exercised without regard to rules and precedents? Subject to correction, I do not understand that it is. Nor do trial bench or bar, I believe. Moreover (and that is more important), I do not understand that the learned appellate division in the case cited decided the contrary. Actual decision, not remarks of judges, is what is to govern; and the order there appealed from was affirmed. "A judicial opinion, like evidence, is only binding so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance." Colonial City Traction Co. v. Kingston City R. Co., 154 N. Y. 495, 48 N. E. 900. If trial judges had always had this in mind, much going astray in the past would not have happened. See Hickey v. Taaffe, 99 N. Y. 209, 1 N. E. 685.

Counsel on both sides have furnished me with long lists of cases showing how the discretion now put to me has been exercised. I have carefully examined them, and in the light, guidance and constraint of them, I have concluded that this verdict is excessive. The plaintiff was much hurt, however. Not to mention her bruises and pains, she still suffers from nervous disease caused by concussion of the spine, from an impaired knee and from a distressing incontinence of urine. These things are deemed permanent, and were all caused by the said fall.

Let the verdict be set aside unless the plaintiff consent to reduce it to $7,500.