In the Matter of the Probate of the Last Will and Testament of FANNIE G. FERRICK, Deceased.

(Surrogate's Court, Westchester County, March, 1919.)

Wills — when necessary for witness to sign in presence of testatrix.

Where decedent signed a paper purporting to be her will but not in the presence of one of the witnesses, and the witness in question signed it when decedent was not present, and decedent never acknowledged her signature nor identified or declared the paper to be her will to said witness, probate will be denied.

PROCEEDING upon the probate of a will.

Oscar LeRoy Warren, for proponent.

William L. Rumsey, special guardian.

SLATER, S.   The question arising here is whether the will of the decedent was legally executed.

The will was prepared and signed by the decedent before either of the witnesses saw it.   On November 30, 1915, Nellie J. Ensign, one of the subscribing witnesses, saw Mrs. Ferrick at her home where decedent was ill in bed.   Mrs. Ferrick said: " Nellie, I have drawn up a will.   It is in the office.   Will you witness it? "   Mrs. Ensign said, " Yes," and went out of the room across the street into the store kept by the

decedent. There she found one Amelia Caiani, a sister of decedent. She asked for the will and Mrs. Ensign then and there signed it as witness. That completed the execution so far as she was concerned. The other witness signed it in the presence of the decedent.

The question is, was the will properly witnessed by Mrs. Ensign? Can a will be legally executed under our law when the will is not in the presence of the decedent to be identified by her as to the paper itself and as to her signature?

It is my opinion that *Matter of Mackay,* 110 N. Y. 611, disposes of the case. In that case, Judge Earl said: "The formalities prescribed by the statute are safeguards thrown around the testator to prevent fraud and imposition. To this end the witnesses should either see the testator subscribe his name, or he should, the signature being visible to him and to them, acknowledge it to be his signature."

*Matter of Laudy,* 148 N. Y. 403, says the subscribing witnesses to a will are required for the purpose of attesting and identifying the signature of the testator; and, in order to do this, it is essential that they should see the testator subscribe his name, or that, with the signature visible to them, he should acknowledge it to be his. Citing *Lewis* v. *Lewis,* 11 N. Y. 221. *Matter of Keeffe,* 155 App. Div. 575, followed these earlier cases.

"The formal attestation clause is not of itself sufficient, when it positively appears that the essential elements in the due execution of a will were absent." *Matter of Turell,* 166 N. Y. 330.

*Herrick* v. *Snyder,* 27 Misc. Rep. 462, opinion by Hiscock, J., says: "The provision for attestation necessarily requires that the witnesses should be present at the act of execution which they are to attest. They could not discharge their duty by attesting the

execution without being present at it and seeing and knowing it.''

This is followed in *Matter of Roe,* 82 Misc. Rep. 565.

The law relating to what should be done and how it should be done in order to properly execute the last will and testament must be followed. The purpose of a witness to a will is to indicate later to the surrogate that the witnesses saw the testatrix sign the will, or that the testatrix acknowledged the signature to be hers, published the will to the world, and asked the witnesses to act as such.

The execution, so far as the witness is concerned to this particular will, lacks identity of the will and of the signature to the will, the actual paper or will not having been present at the time when the testatrix acknowledged the will and her signature.

It has been held that, if a testator has signed a will and published it to the world, and acknowledged the signature in the presence of the witnesses, the witness may sign her name at a later time in the absence of the testator. That was not done in this case as the act of the identification of the will and of the signature of the testatrix never took place as to the witness Ensign while the will was in the presence of the testatrix.

Because of this failure to observe the statute, probate is denied.

Probate denied.