Anthony P. Savarese, S.
An instrument and a duplicate thereof, dated October 5, 1937, have been offered by the executor named therein for probate as the last will and testa *619 ment of Thomas B. Davis who died on November 9, 1955. Decedent left no spouse, issue or parents and was survived by a sister and three brothers, all of a half blood, and none of whom receives anything under the alleged will. Three of Ms sisters and two of his brothers died before Mm, and all of them left known issue except his deceased brother Charles whose successors in interest are unknown and here represented by a special guardian who appears for a niece and a nephew, both incompetents and 2 of the 10 living children of decedent’s brother Albert, who each receive a legacy of $1,000. The sole objector to probate is the special guardian who asserts that the propounded instrument was not validly executed.
At the time of the purported will testator was a cashier of a substantial corporation and an officer and director of some 30 of its operating subsidiaries. The three attesting witnesses were employees of the same company and had known testator for many years. It appears that testator took upon himself the execution of the instrument. It shows upon the face thereof that testator and the three witnesses signed at the end. Testimony as to the manner of execution of the instrument was furnished by the two surviving witnesses. Due to the lapse of more than 18 years since the date of the instrument, their recollections of the circumstances surrounding the execution were somewhat dimmed. Their testimony, however, satisfactorily establishes the genuineness of the subscription of the testator and their own signature. There is no question that the testator declared the instrument to be his will, that he requested the witnesses to act and sign as such, that he was free from restraint and competent in all respects to make a will. There is only one issue, namely, whether or not he acknowledged his subscription to the witnesses who did not sign the instrument at the same time. The statute does not require that they do so. "Where it is signed at different times the testator need only request that they do so and at the same time acknowledge to each his subscription thereon. WMle the attestation clause appearing between the subscription of the testator and the signatures of the witnesses is not in common form, its language and other circumstances shown satisfactorily establish that there was a substantial compliance with the statutory requirements relative to execution. The objections are dismissed and probate is granted. Submit decree accordingly on notice.