In the Matter of the Probate of the Will of MARGARET B. LAW-LER, Deceased.

Surrogate's Court, Westchester County, July 21, 1943.

*O'Brien, Driscoll & Raftery* for Thomas B. Lawler and Thomas N. Lawler, petitioners.

MILLARD, S.   This decedent died a resident of the city of Yonkers in this county on July 9, 1942, survived by her husband, two sons and two daughters, all of whom are adults.   Petitioners, the husband and one of the sons, have offered for probate a paper writing dated July 8, 1942, purporting to be the last will and testament of said decedent.

It has been shown that at the time of the alleged execution of the propounded instrument decedent was critically ill with a cardiac condition and was in an oxygen tent.   Her condition was such that the attending physician would not permit her to affix her signature to the paper.   In lieu thereof it has been established, by the testimony of two disinterested subscribing witnesses, that the decedent requested her husband to sign her name to the paper writing which he did in her presence and in the presence of the two witnesses, and which she acknowledged as her signature.   It was further established that the decedent thereupon declared the paper writing to be her will and requested the two subscribing witnesses to act as such.   It was further shown that the window or the flap of the oxygen tent was open during the ceremonies; that the decedent was conscious and competent and able to converse; that the execution of the instrument was not the result of fraud or undue influence exercised upon her by any person or persons, and that she was free from restraint.

Although all the interested parties have consented to the probate of the instrument, the court must nevertheless be satisfied with the genuineness of the purported will and the validity of its execution.   (Surrogate's Ct. Act, § 144.)   The only question presented is whether or not the decedent " subscribed " her name to the paper writing within the meaning of section 21 of the Decedent Estate Law.   An examination of the few pertinent authorities leads me to conclude that she did.   (1 Jessup-Redfield on Surrogates' Courts, § 289; *Robins* v. *Coryell*, 27 Barb. 556; *The Probate of the Will of William H. Merchant,*

1 Tucker 151; *Matter of Barger,* 225 App. Div. 674, affd. 256 N. Y. 585.) Accordingly the propounded instrument is admitted to probate as the last will and testament of this decedent.

Submit decree.