In the Matter of the Probate of the Will of MARIA LEWIS, Deceased.

Surrogate's Court, Westchester County, February 18, 1948.

*Ernest F. Griffin* for Spurgeon Lewis, proponent.

*Herman A. Schupp*, special guardian.

GRIFFITHS, S. The decedent died March 23, 1947, leaving as her sole distributees her husband and eleven children, two of whom are infants. Her assets consist of a parcel of real estate and a small amount of personal property. The nine adult children have executed a waiver and consent to the probate of the propounded instrument dated January 10, 1947. The special guardian appointed on behalf of the infant respondents has made a report recommending that probate of the instrument be denied.

The evidence shows that the decedent had been ill for some time prior to January 10, 1947, and on that date was confined to her home. Her testamentary capacity and freedom from restraint are not disputed. The only question presented for determination is whether the propounded instrument was duly executed in accordance with statutory formalities. The propounded instrument had been prepared in duplicate on a printed form, each being identical in all respects. There was no lawyer present to supervise the formalities of execution. On submitting one of the instruments, so prepared, to the decedent for her subscription, she inadvertently signed her name at the end of the printed attestation clause. Doubting the

legality of such subscription, the form so signed by the decedent was abandoned and the duplicate was substituted. At this point the decedent's physical condition was evidently such that she was unable to subscribe the second paper submitted to her. In lieu thereof it has been established that the husband of the decedent signed her name to such paper in her presence and in the presence of both witnesses. Although there is no direct proof that the decedent acknowledged such act to be her signature, such acknowledgment may be inferred from the circumstances. It was further established that the decedent thereupon declared the paper writing to be her last will and testament and requested the two subscribing witnesses to act as such. The evidence further shows that the subscribing witnesses thereupon signed their names opposite the name "Maria Lewis" affixed to the paper writing as aforesaid by her husband.

While the provisions of section 21 of the Decedent Estate Law seem to contemplate that a testamentary instrument must be "subscribed" at the end thereof by the testator in person, the common-law rule that performance of the physical act may be delegated to another, is impliedly recognized in section 22. The latter section requires a person "who shall sign the testator's name to any will by his direction" to subscribe the instrument as a witness. The method of subscription employed in the instant case has been approved by the authorities. (*Robins* v. *Coryell*, 27 Barb. 556; *Stevens* v. *Stevens*, 6 Dem. 262, 265; *Matter of Lawler*, 182 Misc. 67; see, also, *Sisters of Charity* v. *Kelly*, 67 N. Y. 409, 413.)

The Surrogate is satisfied that the propounded instrument was duly executed in accordance with the provisions of section 21 of the Decedent Estate Law and that at the time of such execution the testatrix was in all respects competent to make a will and was not acting under any restraint. The said instrument is accordingly admitted to probate as the last will and testament of this decedent valid to pass both real and personal property.

Settle decree.