In the Matter of the Probate of the Will of SIDNE SILVERMAN, Deceased.

Surrogate's Court, Westchester County, April 13, 1950.

*Arthur F. Driscoll* and *T. Newman Lawler* for Harold Erichs, proponent.

*Isaac Rubin,* special guardian.

GRIFFITHS, A. S. At the hearing held herein evidence was adduced relating to the execution by decedent of a codicil offered for probate. The evidence established that decedent was seriously ill of a chronic ailment and confined to his residence in an oxygen tent on the occasion of execution.

By an instrument dated December 2, 1948, decedent had purported to devise and bequeath his net estate to his son as his sole distributee. The codicil offered for probate, dated March 5, 1950, named as the guardian of the person and property of decedent's son, to serve without bond, one Harold Erichs, the person named as executor in the prior instrument. The codicil repeated the provision contained in the prior instrument that the executor be not required to furnish security, directed that such executor and guardian retain the capital stock of Variety, Inc., and purported to absolve such executor and guardian from liability for the retention of such stock. The codicil contains no dispositive provision except insofar as it purports to republish as modified the prior instrument.

The codicil was drafted by a member of the firm of attorneys who had represented the decedent and Variety, Inc., for many years. Instructions for its preparation were furnished by Harold Erichs, the person named as executor and guardian, an officer and director of Variety, Inc., as well as its business manager, who relayed to the draftsmen the instructions received by him from decedent.

The codicil was not executed under the supervision of an attorney. On the occasion of execution there was present in decedent's room, with decedent, his uncle, his nurse, and his chauffeur, all of whom acted as subscribing witnesses, in addition to his son, and Erichs. The testimony is to the effect that the instrument was shown to decedent but not read by or to him. A conversation was had through the oxygen tent whereby decedent was informed as to the substance of the instrument and that the instrument carried out the instructions previously given. The court finds that the decedent declared the instrument to be his codicil and requested the person named as executor to subscribe the instrument as his agent, in the presence of the three persons who were requested to act as subscribing witnesses. The named executor and the persons who were to act as subscribing witnesses then adjourned to a room adjoining that of decedent, where the instrument was subscribed by decedent's agent by affixing the name of decedent, and adding his own signature indicating that he was acting as agent. The instrument was so subscribed in the presence of the three witnesses who thereupon affixed their signatures following a form of attestation clause which recited that the instrument was published and declared by decedent in the presence of such witnesses to be a codicil and signed and subscribed for decedent and at his request by Harold Erichs, and that such witnesses,

at the decedent's request and in his presence and in the presence of Harold Erichs had subscribed their names as witnesses.

Following such execution the decedent also acknowledged the instrument as his codicil when Erichs and two of the subscribing witnesses had a subsequent conversation with decedent at which time the contents of the instrument were repeated to make sure decedent knew what was being done. The body of the codicil immediately preceding such subscription likewise contains a recital that decedent had caused his signature and seal to be affixed by his duly authorized agent at his request, at his direction and in his presence, on the date therein set forth.

A will may be subscribed by the agent of testator. (*Robins* v. *Coryell*, 27 Barb. 556, 560; *Stevens* v. *Stevens*, 6 Dem. 262, 265; *Matter of Merchant*, 1 Tuck 151, 167; *Matter of King*, 89 Misc. 638; *Matter of Lawler*, 182 Misc. 67; *Matter of Lewis*, 193 Misc. 183; 1 Davids on New York Law of Wills, § 285.) Moreover, section 22 of the Decedent Estate Law specifically provides: " every person who shall sign the testator's name to any will by his direction, shall write his own name as a witness to the will." And although the latter section subjects to a penalty such a person who signs the name of testator and fails to add his own as a witness, the failure to comply with the latter requirement does not affect the validity of the instrument. (*Hollenbeck* v. *Van Valkenburgh*, 5 How. Prac. 281.) On the foregoing evidence the court determines that the instrument referred to as a codicil was executed in compliance with the provisions of section 21 of the Decedent Estate Law.

It having been satisfactorily established that the propounded instruments were duly executed in the manner prescribed by section 21 of the Decedent Estate Law and that at the time of execution the decedent was of sound mind and free from restraint, such instruments will be admitted to probate as the last will and testament of decedent.