■ In the Matter of the Estate of EVELYN L. DUJENSKI, Deceased.—Order unanimously reversed on the law and facts and petition to admit will to probate granted. Memorandum: Petitioner, the named executrix under Evelyn Lisman Dujenski's will dated June 11, 1984, appeals from an order of Surrogate's Court denying her petition for admission of the will to probate and issuance of letters testamentary. Following a hearing on the issue of due execution, the court invalidated the will, concluding that there was insufficient proof to show when the testatrix signed the will and, consequently, no proof that she signed it in the presence of the witnesses or that they signed in the presence of each other. We reverse.

The requirements enforced by the Surrogate are not contained in EPTL 3-2.1. According to the statute, the testatrix need not sign in the presence of either witness; it is sufficient if she acknowledges her signature to them as having been affixed by her. She may acknowledge her signature to each attesting witness separately. There is also no requirement that either the will or the testatrix' signature be dated. Indeed, the date on which the testatrix signed is irrelevant, since there is no requirement that the will be witnessed within any specified time of its signing by the testatrix. The only time requirements are that the witnesses sign in the course of the same ceremony or ceremonies in which the testatrix publishes the will and acknowledges her own signature, and that the witnesses sign within 30 days of each other. Thus, to the extent that its decision concludes that the proponent must show when the testatrix signed the document, the court erred *(see,* EPTL 3-2.1).

Although there are gaps in the witnesses' recollections of the circumstances under which they witnessed the will, we conclude that there was sufficient proof demonstrating compliance with the requirements of EPTL 3-2.1 to sustain the petition for probate *(Matter of Collins,* 60 NY2d 466, 468, *revg* 91 AD2d 1167, *on remittitur* 101 AD2d 694, *on appeal after trial* 124 AD2d 48). The testimony established that the testatrix signed the document, declared it to be her will, acknowledged her signature to the witnesses as having been affixed by her ("She told me she signed it"), and asked each witness to sign. The will was signed by the two witnesses, as required. Finally, although there was no proof conclusively establishing

that both witnesses signed within the 30-day period, it is presumed that the 30-day requirement was satisfied (see, EPTL 3-2.1 [a] [1]-[4]; [b]). (Appeal from order of Orleans County Surrogate's Court, Miles, S.—probate of will.) Present —Denman, J. P., Boomer, Green, Lawton and Davis, JJ.