In the Matter of MARY NELLER, Deceased. GEORGIANNA E. NELLER, Appellant; PAUL P. NELLER et al., Respondents. [10 NYS3d 877]—In a probate proceeding, the petitioner appeals, as limited by her brief, from so much of an order and decree (one paper) of the Surrogate's Court, Richmond County (Gigante, S.), dated August 13, 2013, as, in effect, searched the record and awarded summary judgment to the objectants denying the petition to admit the document alleged to be the decedent's will to probate.

Ordered that the order and decree is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Surrogate's Court, Richmond County, for further proceedings on the petition.

Georgianna E. Neller, a daughter of Mary Neller, deceased (hereinafter the decedent), petitioned to admit a document alleged to be the decedent's will to probate. Paul P. Neller, the decedent's son, and Frances Valek, another daughter of the decedent (hereafter together the objectants) filed objections to probate and moved for temporary limited letters of administration. Although the objectants had not moved for summary judgment dismissing the petition, the Surrogate's Court, in effect, searched the record and awarded them summary judgment

denying the petition on the ground that the petitioner would be unable to prove that the formal requirements for execution and attestation had been satisfied (*see* EPTL 3-2.1).

The Surrogate's Court erred in, in effect, awarding summary judgment to the objectants denying the petition to admit the will to probate. The will was not invalid on its face (*see* EPTL 3-2.1; *Matter of Dujenski*, 147 AD2d 958, 958-959 [1989]), and the Surrogate's Court had not afforded the petitioner an opportunity to meet her burden of establishing that the will had been duly executed (*see* SCPA 1405 [4]; 1408; *Matter of Falk*, 47 AD3d 21, 25-26 [2007]; *cf. Matter of Yen*, 127 AD3d 1466 [2015]; *Matter of Levy*, 169 AD2d 923, 924 [1991]). Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.