In the Matter of the Probate of the Last Will and Testament of JAMES MACKAY, Deceased.

Subscribing witnesses to a will are required for the purpose of attesting and identifying the signature of the testator; for this purpose it is essential to the due publication of a will either that they should see the testator subscribe his name, or that, with the signature visible to him and to them, he should acknowledge it to be his.

Where, therefore, it appeared that, at the time of the alleged publication of an instrument presented for probate as a last will, the decedent stated to the witnesses that he had sent for them to sign his last will; that he then presented the instrument, stating it was his will and was all ready awaiting their signatures, but he handed it to the witnesses so folded that they could not, and they did not see his signature or any part thereof except the attestation clause. *Held,* that the will was not properly executed; and that the surrogate properly refused to admit it to probate.

(Argued October 11, 1888; decided October 26, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 6, 1886, which affirmed a decree of the surrogate of St. Lawrence county refusing to admit to probate an instrument purporting to be the last will of James Mackay, deceased.

The facts, so far as material, are stated in the opinion.

*Louis Hasbrouck* for appellant. There was a sufficient acknowledgment of his subscription by the testator to the sub-

scribing witnesses. (*Baskin* v. *Baskin*, 36 N. Y. 416, 419 ; *Willis* v. *Willis*, 36 id. 486 ; *Ellis* v. *Smith*, 1 Ves. Sr. 11 ; *Nickerson* v. *Buck*, 12 Cush. 332 ; *In re Phillips*, 98 N. Y. 267 ; *In re Austin*, 45 Hun, 1 ; *In re Gilman*, 38 Barb. 364 ; *Peck* v. *Cary*, 27 N. Y. 9 ; *Fauncey* v. *Thorne*, 2 Barb. Ch. 40 ; *In re Higgins*, 94 N. Y. 554, 555 ; *Lane* v. *Lane*, 95 id. 494, 499 ; *In re Beckett*, 103 id. 167 ; *Darling* v. *Arthur*, 22 Hun, 84 ; *Thompson* v. *Stephens*, 62 N. Y. 534 ; *In re Peepon*, 91 id. 255 ; *Rugg* v. *Rugg*, 83 id. 592 ; *Dack* v. *Dack*, 94 id. 663.) The will should be admitted to probate on the strength of the attestation clause. (Code of Civ. Pro. § 2620 ; *In re Cottrell*, 95 N. Y. 329, 339, 340.)

*William H. Sawyer* for respondent. There are certain formalities prescribed by statute necessary to the due execution of a will of real or personal property, or both, which are explicit and imperative, and which must be complied with in order to entitle the same to be admitted to probate. (3 R. S. [Banks' 7th ed.] 2285 ; *Chaffee* v. *B. M. Conv.*, 10 Paige, 85 ; *Burt* v. *Nolan*, 1 Dem. 436 ; *In re Will of Smith*, 1 Tuck. 227 ; *Reynolds* v. *Root*, 62 Barb. 250 ; *Remsen* v. *Brinckerhoff*, 26 Wend. 332 ; *Mitchell* v. *Mitchell*, 16 Hun, 97 ; 77 N. Y. 596 ; *Lewis* v. *Lewis*, 11 id. 220 ; *Baskin* v. *Baskin*, 36 id. 153 ; *Jackson* v. *Jackson*, 39 id. 153 ; *Kellum's Will*, 52 id. 517 ; *Howland* v. *Taylor*, 53 id. 627 ; *Sisters of Charity* v. *Kelly*, 67 id. 409 ; *Woolley* v. *Woolley*, 95 id. 231.) Each of these requisites is to be regarded as essential as another, and there must be a concurrence of all to give validity to the act, and the omission of either is fatal. (*Remsen* v. *Brinckerhoff*, 26 Wend. 332 ; *In re Hewitt*, 91 N. Y. 261, 263.) The burden of proving that all the requirements of the statute have been followed or complied with rests upon the proponent affirmatively. (*Lewis* v. *Lewis*, 11 N. Y. 220 ; *Chaffee* v. *B. M. Conv.*, 10 Paige, 85 ; *In re Kellum*, 52 N. Y. 517 ; *Woolley* v. *Woolley*, 95 id. 231.) As the evidence showed that the instrument was not subscribed by the testator in the presence of each of the attesting witnesses, and his subscription thereto not acknowl-

edged by him to have been made to each of the attesting witnesses, it was sufficient to warrant a finding that the instrument was not subscribed by the testator within the meaning of the statute. (*Mitchell* v. *Mitchell*, 16 Hun, 97 ; 77 N. Y. 596; *Lewis* v. *Lewis*, 11 id. 220 ; *Woolley* v. *Woolley*, 95 id. 231; *Rutherford* v. *Rutherford*, 1 Denio, 33 ; *Sisters of Charity* v. *Kelly*, 67 N. Y. 413 ; *Willis* v. *Mott*, 36 id. 486 ; *Baskin* v. *Baskin*, 36 id. 416 ; *In re Gilman*, 38 Barb. 364 ; *In re Phillips*, 98 N. Y. 267.) A presumption of due execution cannot be drawn from words of the attestation clause, importing the same, in opposition to positive testimony that any of the requirements of the statute in that regard were not complied with. (*Lewis* v. *Lewis*, 11 N. Y. 224; *Orser* v. *Orser*, 24 id. 51 ; *In re Kellum*, 52 id. 517; *Woolley* v. *Woolley*, 95 id. 231.) While section 2650 of the Code of Civil Procedure allows proof of a will to be made outside of the testimony of the subscribing witnesses, it does not aid the proponent here ; under that section she might have made such proof, if she could on the hearing before the surrogate, which she did not. (*Rugg* v. *Rugg*, 83 N. Y. 592; *Trustees of Auburn* v. *Calhoun*, 25 id. 425 ; *In re Cottrell*, 95 id. 329, 335.)

EARL, J. The subscribing witnesses came to the dwelling-house of the deceased by previous appointment, and while seated at his writing desk he said to them, " Gentlemen, what I sent for you for was to sign my last will and testament." Thereupon he took from his writing desk the instrument offered for probate, and laying it before the witnesses said : " It is now all ready awaiting your signatures." He then presented the instrument to the witness McCarrier for his signature and he signed it, saying as he did so, " I am glad, Father Mackay, you are making your will at this time ; I don't suppose it will shorten your life any," to which he replied, yes, he wanted it done and off his mind ; and then the witness, Mulligan, who had joined in this conversation, signed the instrument as a witness. At the time of exhibiting the instrument to the subscribing witnesses he told them it was his will, but he

handed it to them so folded that they could see no part of the
writing except the attestation clause, and they did not see either
his signature or seal.    There would undoubtedly have been a
formal execution of the will in compliance with the statutes
if the witnesses had, at the time, seen the signature of the
testator to the will.    Subscribing witnesses to a will are
required by law, for the purpose of attesting and identifying
the signature of the testator, and that they cannot do unless
at the time of the attestation they see it.    And so it has been
held in this court.    In *Lewis* v. *Lewis* (11 N. Y. 221), where
the alleged will was not subscribed by the testator in the
presence of the witnesses, and when they signed their names
to it it was so folded that they could not see whether it was
signed by him  or not, and the only acknowledgment or
declaration made by him to them or in their presence as to the
instrument was : " I declare the within to be my will and deed,"
it was held that this was not a sufficient acknowledgment of
his subscription to the witnesses within the statute.    In that
case ALLEN, J., writing the opinion, said : "A signature neither
seen, identified or in any manner referred to as a separate and
distinct  thing,  cannot,  in  any  just  sense,  be  said  to  be
acknowledged  by  a  reference  to  the  entire  instrument  by
name to which  the  signature may or  may not be at the time
subscribed."    In *Mitchell* v. *Mitchell* (16 Hun, 97 ; affirmed
in this court in 77 N. Y. 596), the deceased came into a store
where two persons were and produced a  paper and said: " I
have a paper which I want you to sign." '   One of the persons
took the paper and saw what it was and the signature of the
deceased.    The testator then said : " This is my will, I want
you to witness it."    Both of the persons thereupon signed the
paper as witnesses under the attestation clause.    The deceased
then took the paper and said : " I declare this to be my last
will and testament," and delivered it to one of the witnesses
for safe-keeping.    At the time when this took place the paper
had the name of the deceased at the end thereof.    It was
held that the will was not properly executed for the reason
that one of the witnesses did not see the testator's signature,

and as to that witness there was not a sufficient acknowledgment of the signature or a proper attestation. It is true that in *Willis* v. *Mott* (36 N. Y. 486, 491), DAVIES, Ch. J., writing the opinion of the court, said, that "the statute does not require that the testator shall exhibit his subscription to the will at the time he makes the acknowledgment. It would, therefore, follow that when the subscription is acknowledged to an attesting witness it is not essential that the signature be exhibited to the witness." This is a mere dictum, unnecessary to the decision in that case, and, therefore, cannot have weight as authority. The formalities prescribed by the statute are safeguards thrown around the testator to prevent fraud and imposition. To this end the witnesses should either see the testator subscribe his name, or he should, the signature being visible to him and to them, acknowledge it to be his signature. Otherwise imposition might be possible and sometimes the purpose of the statute might be frustrated.

We think, therefore, that probate of the will was properly refused and that the judgment below should be affirmed, without costs.

All concur.

Judgment affirmed.