In the Matter of the Probate of the Last Will and Testament of
FANNIE REDWAY, Deceased.
FRANK J. REDWAY, Appellant; MABEL TAYLOR and Another,
Respondents.

Third Department, June 30, 1933.

*James C. Dolan* [*Delos M. Cosgrove* and *Russell Wright* of counsel],
for the appellant.

*Milford & Major* [*Charles T. Major* of counsel], for the respondent
Mabel Taylor.

*Brown & Groves* [*Frederick A. Brown* of counsel], for the respondent
Earl Fenner.

HILL, P. J.  Fannie Redway died April 27, 1928.  This appeal
is from a decree admitting to probate as her will an instrument
dated October 26, 1927, after a trial of the issues raised by objec-
tions filed by her husband.  The probate was contested on the
grounds of undue influence, lack of testamentary capacity and want
of proper execution.  The first two grounds are abandoned upon
this appeal, the question of due execution being the only issue
raised by the appellant.

Decedent, a resident of St. Lawrence county, went to Syracuse
for medical treatment in October, 1927, and took occasion to visit
a sister, the proponent, residing in the vicinity of the nearby village
of Skaneateles.  During this visit she went to the office of an

attorney with whom she had no previous acquaintance, where the instrument was prepared and executed. He was one of the subscribing witnesses, and gives the circumstances connected with its execution: " Why after she signed it I told her she would have to have two witnesses, and she asked me if I could find one, and I told her I would step out to the next door, and I asked Mr. Powell to come in, and when he came in I asked her then if she declared that to be her last will and testament, and I asked her if she wanted Mr. Powell and myself to sign as witnesses and she said she did, and Mr. Powell and myself signed it." The witness Powell says he was called to the attorney's office, introduced to Mrs. Redway; that the only conversation he had with her was that usually incident to an introduction; that she did not sign the instrument in his presence; that nothing was said indicating that she had signed it; he saw no signature upon it, and was unable to say, at the time of the trial, that the signature appearing upon the instrument was made by the woman he met at the attorney's office.

The trial before the surrogate was held within a year. Under such circumstances the recitals in the attestation clause yield to the mutual recollection of the two subscribing witnesses. It is said in *Woolley* v. *Woolley* (95 N. Y. 231, at p. 234): " This evidence was given within about a year after the alleged codicil was executed, and hence this case is not to be treated like one where an attempt is made to prove a will after the lapse of a long time, when witnesses may not be able to testify fully to the statutory requirements from a failure of memory. In such case a regular and full attestation clause, with very slight proof or confirmatory circumstances, may be held sufficient." The decedent did not sign the instrument in the presence of Powell, and her signature was not called to his attention or acknowledged by her at the time she declared it to be her last will and testament.

The statutory requirements concerning the execution of a will are contained in section 21 of the Decedent Estate Law. The following portion is involved: " Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner: 1. It shall be subscribed by the testator at the end of the will. 2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses." The declaration by the decedent that the instrument was her last will and testament did not satisfy the statutory requirement that she either write her name thereon in the presence of the witnesses or acknowledge to " each of the attesting witnesses " that the signature thereon had been written

by her. " The statute contemplates the subscription or the acknowledgment thereof in the presence of the witnesses, and a publication of the instrument as a will, as two distinct acts, and both are necessary to its due execution; and being explicit and clear in terms, courts are not authorized to vary it by construction or to make the one act stand for both. Upon this branch of the statute it is the subscription, not the will, which is to be acknowledged." (*Lewis* v. *Lewis*, 11 N. Y. 220, 226.) In order that each subscribing witness to a will may attest and identify the signature of the decedent, it is necessary that the testator subscribe his name in the presence of each of the witnesses or acknowledge to each of them that the signature had been made by him. The authorities, with substantial uniformity, have required that the signature must be visible and called to the attention of the witnesses when the acknowledgment is made by the testator. (*Matter of Cogan*, 184 App. Div. 198; affd., 226 N. Y. 694; *Matter of Keeffe*, 155 App. Div. 579; affd., 209 N. Y. 535; *Matter of Turell*, 166 id. 330; *Matter of Mackay*, 110 id. 611; *Woolley* v. *Woolley, supra*.) In so far as the dictum in *Willis* v. *Mott* (36 N. Y. 486, 491) disagrees with the rule requiring exhibition and acknowledgment, it has been disapproved. (*Matter of Mackay, supra*, 615; *Matter of Keeffe, supra*.) It is not enough that the signature be made in the presence of or exhibited and acknowledged to one of the two subscribing witnesses. (*Matter of Abercrombie*, 24 App. Div. 407; *Matter of Brissell*, 16 id. 137; *Matter of Van Geison*, 47 Hun, 5.)

The requisite statutory formality was not observed in the execution of the instrument admitted as the will of decedent. The failure to acknowledge the signature to each of the subscribing witnesses may not be overlooked or waived. The decree directing the probate of the will should be reversed on the law, with costs to the contestant payable out of the estate.

CRAPSER, BLISS and HEFFERNAN, JJ., concur; RHODES, J., dissents and votes to affirm.

The decree directing the probate of the will is reversed on the law, with costs to the contestant payable out of the estate, and the petition for the probate of the instrument bearing date October 26, 1927, as the last will and testament of Fannie Redway is denied, and the matter remitted to the surrogate to award costs to the contestant.