Samuel Fails, S.
A carbon-original of a paper-writing consisting of two pages purporting to be the last will and testament of the decedent has been submitted for probate. On its face it appears to have been properly executed and contains the usual form of attestation clause. Decedent’s only distributees are a sister and brother, both of whom are named in the purported will as beneficiaries thereof. He names said brother and sister as coexecutors of his estate.
It appears from the testimony that decedent was hospitalized when he executed the said document. Neither of the witnesses to the will were present in the room at the time decedent signed the instrument. It was some time thereafter that the subscribing witnesses were requested by decedent’s sister to affix their signatures. There is no question from the testimony elicited thht the decedent had no conversation relative to the will with the subscribing witnesses, nor did testator at any time acknowledge or state in any manner that the paper pur *32 porting to be a will was his last will and testament. Neither of the witnesses saw the purported will in the presence of the testator at any time. It is apparent from the testimony that the subscribing witnesses did not pay any attention to the language of the attestation clause. Under the circumstances as they exist here, the existence of an attestation clause cannot carry any presumption that the will was properly executed. (Matter of King, 130 Misc. 907.) In other cases similar to the one at bar, the courts have denied probate. (Woolley v. Woolley, 95 N. Y. 231; Mitchell v. Mitchell, 16 Hun 97, affd. 77 N. Y. 596.)
This is not a case where witnesses have forgotten the circumstances surrounding the execution of the will or did not remember that all the necessary legal formalities were complied, with. Their testimony seems to be positive that the testator did not sign the will in their presence, did not acknowledge his signature to them after the signing thereof, and that at the time the subscribing witnesses affixed their signatures to the said instrur ment, he did not declare it to be his last will and testament. Consequently, therefore, the instrument propounded as a will was not executed pursuant to the requirements of section 21 of the Decedent Estate Law, and probate must be denied.
Submit decree.