Aimrzo J. Prey, S.
This is a proceeding for the probate of an instrument purporting to be the last will and testament of the above-named decedent. The petitioner asks that it be admitted to probate as the last will of said decedent. The subscribing witnesses were neighbors and acquaintances of the decedent for many years. The names of the surviving witnesses are Mary H. Krenzer and her husband George R. Krenzer, who testified that they visited the decedent on the occasion of the signing of the instrument. Their testimony is that she told them she wanted them to witness her will and that all that was needed were the signatures of the witnesses. They testified that she presented to them a folded document and the only part of the instrument which they saw was that portion of the same which had lines thereon for the witnesses to sign and a place for their address. Neither of them saw the body of the instrument; neither of them saw her sign the instrument. They did not at any time see her signature. They signed it in her presence and in the presence of each other, but she never showed them her signature. She never acknowledged that she had signed it, although she did say that it was her will and that she needed them as witnesses thereto. The face of the instrument is admittedly in the handwriting of the decedent, but the body of the document is in two different shades of ink. The will provided certain directions with respect to joint bank accounts in the final paragraph which is in a black ink, but no one can testify whether that portion of the document had been written in at the time it was signed or not.
EPTL 3-2.1 prescribes the manner of the execution and attestation of wills. Paragraph (2) of subdivision (a) of that section prescribes the method that the signature of the testator shall be affixed thereto and reads as follows and is self-explanatory: “ The signature of the testator shall be affixed to the will in the presence of each of the attesting witnesses, or shall be acknowledged by the testator to each of them to have been affixed by him or by his direction. The testator may either sign in the presence of, or acknowledge his signature to each attesting witness separately. ’ ’
The testator must sign in the presence of the attesting witnesses or her signature shall be acknowledged by her to each of them or to have been affixed thereto by the testator’s direction. The testator may either sign in the presence of or acknowledge his signature to each attesting witness and at that time declare the same to be his will. The instrument does contain the usual attestation clause, but the witnesses never saw it. They did not know whether, at the time they affixed *326 their signatures thereto, the decedent had affixed her name thereto or not.
At the conclusion of the proof, the respondent by his counsel moved for dismissal of the petition on the ground that the alleged will had not been executed in accordance with the provisions of the statutes.
It is the opinion of the undersigned that the document was not duly executed as required by EPTL 3-2.1 and that therefore the motion to dismiss should be granted.
The petition for probate, therefore, is denied and the petition is dismissed.