Richard C. Delis, S.
The objectants in this contested probate move for summary judgment denying probate on the ground that the propounded instrument was improperly executed.
There is no basic dispute that part of the execution ceremony as it relates to two of the three attesting witnesses was performed over the telephone. The court has been unable to find any case involving in whole or in part a telephonic execution but the law would appear to be clear that this will was defectively executed.
The proponent who is the named executor and also the attorney draftsman, states that he took the propounded instrument to the testator’s home where it was signed by him and attested to by one of the three attesting witnesses — a nurse who was caring for the decedent. The testator allegedly requested the attorney to have the latter’s secretary and a long-time friend of the decedent act as the other two attesting witnesses; whereupon, the attorney returned to his office with the will and- there had his secretary and in turn the friend converse over the telephone with the testator and allegedly complete the execution in that fashion.
EPTL 3-2.1 (subd. [a], par. [2]) requires that “ the signature of the testator shall be affixed to the will in the presence of each of the attesting witnesses, or shall be acknowledged by the testator to each of them to have been affixed by him or by his direction. The testator may either sign in the presence of, or acknowledge his signature to each attesting witness separately.” Since for the purpose of this motion it will be presumed that the testator signed the will in the presence of one of the attesting witnesses, the subscription would be improper unless it can be construed to have been acknowledged by the testator to at least one of the other two attesting witnesses. The question therefore resolves itself into whether or not there can be an acknowledgment of the testator’s subscription outside his presence.
In Matter of Mackay (110 N. Y. 611, 615) the court stated: “ The formalities prescribed by the statute are safeguards thrown around the testator to prevent fraud and imposition. To this end the witnesses should either see the testator subscribe his name, or he should, the signature being visible to him and to them, acknowledge it to be his signature. Otherwise imposition might be possible and sometimes the purpose of *734 the statute might be frustrated.” (Italics supplied.) (See, also, Matter of Laudy, 148 N. Y. 403; Lewis v. Lewis, 11 N. Y. 221.) While cases such as Matter of Mackay (supra) base the invalidity in execution on a failure of the testator’s signature to be visible to the attesting witnesses (and here of course the “ signature ” would appear to have been visible to the two attesting witnesses who spoke with the testator over the telephone) ; nevertheless, the basic underlying principle is similar ; that is, an assurance of the identity of the instrument subscribed. Commentators on the law of wills have discussed the requirements of the presence of the testator during execution, primarily in connection with such presence during the attesting witnesses’ subscription. While Yew York does not appear to require that the attesting witnesses themselves subscribe their signature in the presence of the testator (Lyon v. Smith, 11 Barb. 124; 1 Jarman on Wills [5th Amer. ed.], p. 222), the comments appearing in various texts are analogous and quite relevant. Schouler on Wills ([3d ed.], pp. 374-375) has this significant remark to make: ‘1 One might issue directions or receive assurances while in a room not contiguous to his witnesses; or indeed, in these modern days, converse by wire between houses which were miles apart; but all this would be inconsistent with a subscription in bodily presence such as might enaUe the testator to keep in view the identity of the paper so sub:, ""ibed. Yor is it certain that the policy of such legislation regards the testator’s convenience alone on the occasion, as English authorities have stated; for is not the ‘ presence ’ equally desirable, from the witness’s point of view, in order that the latter may judge of the testator’s condition, of the identity of the instrument he is asked to sign, and of the bona fides of the whole transaction? If attesting in the testator’s absence, how lightly is his own solemn responsibility taken up, and how readily does he permit his position as a witness to be compromised.” (Italics supplied.) That identity of the instrument in question as well as whether the signature was “visible” to the witnesses is a critical problem is evident from the language used by the court in Baskin v. Baskin (36 N. Y. 416, 418-419): “The subscription and publication of a testamentary instrument are independent facts, each of which is essential to its complete execution. (2 R. S. 63, § 40.) The requirement that the first shall be made or acknowledged in the presence of each of the witnesses who attest it, is to identify and authenticate the instrument as one subscribed by the party d’ (Italics supplied.)
*735 The New York case which hears the closest resemblance to the present matter is Matter of Ferrick (106 Misc. 617). There, one of the attesting witnesses signed the will in the presence of the decedent but the second witness was told by the testatrix, who was ill in bed, that she had drawn up a will and that it was in her office across the street. The individual thereupon proceeded to the decedent’s store across the street, where she asked for the will and signed as a witness. There, the court asked and answered this question in the negative (p. 618): “ Can a will be legally executed under our law when the will is not in the presence of the decedent to be identified by her as to the paper itself and as to her signature? ”
This is not a case of faulty recollections on the part of attesting witnesses where other proof, such as testimony by the lawyer supervising execution, would change the result. Here, the attorney who supervised the. execution does not dispute that the attestations by two of the three witnesses were taken over the telephone. Under these facts, other circumstances, such as the presence of an attestation clause and the like add no weight nor raise any presumption in favor of the propounded instrument (Wooley v. Wooley, 95 N. Y. 231; Matter of Turell, 166 N. Y. 330). Our statute requires that “there shall be at least two attesting witnesses, each of whom shall, at the request of the testator, sign his name and affix his residence address at the end of the will. The failure of a witness to affix his address shall not affect the validity of the will.” (EPTL 3-2.1, subd. [a], par. [4]). As the court stated in Matter of Redway (238 App. Div. 653, 655, affd. 265 N. Y. 519): “It is not enough that the signature be made in the presence of or exhibited and acknowledged to one of the two subscribing witnesses * * * The requisite statutory formality was not observed in the execution of the instrument admitted as the will of decedent. The failure to acknowledge the signature to each of the subscribing witnesses may not be overlooked or waived.”
That the summary judgment may be granted in a probate contest is well settled (Matter of Pascal, 309 N. Y. 108; Ann. 52 ALR 2d 1207). In addition, the depositions of the two attesting witnesses taken under SCPA 1404 may properly form the basis of a motion for summary judgment (Matter of King, 16 A D 2d 614). There being no triable issue of fact on the proof submitted, the motion is granted (CPLR 3212). The propounded instrument is denied probate and the petition dismissed. Preliminary letters granted to the proponent are revoked (SCPA 1412, subd. 6).