OPINION OF THE COURT
Lawrence E. Kahn, S.
In this contested probate proceeding the objectants, decedent’s three children, have moved for summary judgment pursuant to CPLR 3212 seeking the dismissal of the petition for probate.
The instrument offered for probate is dated December 29, 1976. Decedent died on Feburary 23, 1977 in Acapulco, Hex *242 ico, survived, by his three objecting adult children, all residing in Wisconsin, and a spouse from whom he was separated pursuant to a separation agreement dated February 24, 1976. After bequeathing the sum of $5,000 to his estranged wife, and $1,000 to each of his three children, decedent distributes the bulk of his estate among several friends and nonrelatives, and nominates Edwin J. Beyerl, a Schenectady attorney, as the executor thereof. The value of the gross estate is approximately $175,000.
Decedent did not seek the services of an attorney to attend to the preparation and execution of his last will and testament but rather, chose to draft and attend to the execution himself. In doing so, he shrouded the legal formalities and prerequisites of execution in a cloak of secrecy, resulting in the instant controversy which the court is now called upon to resolve.
Subsequent to the filing of the petition on March 25, 1977, an examination of the two attesting witnesses was held on May 2, 1977. The first witness, Ronald B. Witkowski, testified that he was employed by decedent at the latter’s funeral parlor; that some time in the middle of December, 1976 decedent called him into his office and asked him to sign a document; that he did not know what he was signing; that he thought it might be a stock transfer; that he was never told it was decedent’s will; that decedent did not sign the document in his presence; that the document was handed to him by decedent folded in such a fashion that he could not tell whether there were any other signatures upon it; and that he does not know whether decedent’s signature was on the document when he signed it.
Shortly thereafter, decedent called into his office the second witness, Leo H. Hodge, also his employee. This witness testified that decedent asked him to witness a document; that he insisted upon knowing what it was that he was to sign; that thereupon decedent showed him the front side of the document which indicated that it was decedent’s last will and testament; that the witness then affixed his signature thereto; that the document was folded in such a fashion when it was handed to him that he could only see witness Witkowski’s signature but he was not sure whether decedent’s signature was on the document or not.
Following this examination, formal written objections were filed alleging among other things that the instrument in *243 question was not executed in compliance with the requirements set forth in EPTL 3-2.1. On November 9, 1977 the within motion for summary judgment was submitted to the court on behalf of the objectants. The attorneys for the proponent and for Elizabeth Meóla, a legatee, have submitted affidavits in opposition and the matter has been extensively briefed by all parties.
Preliminarily, the question arises as to the availability of summary judgment at this initial stage of the proceedings herein. Recognizing that such relief is rarely granted, it is the law of this State that in an appropriate case the Surrogate may grant such relief in proceedings exactly the same as the matter now before the court.
In Matter of Heaney (75 Misc 2d 732, 735) the Surrogate, citing the leading case of Matter of Pascal (309 NY 108) held: "That * * * summary judgment may be granted in a probate contest is well settled * * * In addition, the depositions of the two attesting witnesses taken under SCPA 1404 may properly form the basis of a motion for summary judgment * * * There being no triable issue of fact on the proof submitted, the motion is granted”. (See, also, Matter of King, 16 AD2d 614; Matter of Devine, 41 Misc 2d 211 and Matter of Rounds, 47 Mise 2d 877.)
The above authorities clearly establish the availability of the remedy of summary judgment in an appropriate case. Whether such remedy is appropriate in this case will be discussed after reviewing the substantive issues now before the court.
The pertinent portion of the statute in question reads as follows: "The signature of the testator shall be affixed to the will in the presence of each of the attesting witnesses, or shall be acknowledged by the testator to each of them to have been affixed by him or by his direction. The testator may either sign in the presence of, or acknowledge his signature to each attesting witness separately.” (EPTL 3-2.1, subd [a], par [2].)
The statute in question was formerly contained in section 21 of the Decedent Estate Law. The pertinent subdivision mandates that the testator’s signature be made in the presence of each of the subscribing witnesses, or be acknowledged by him to have been so made. The testator may either sign in their presence or acknowledge his signature to each attesting witness separately. Two facts are essential — that the testator sign his name, and that the witnesses see him sign or that he *244 acknowledges his signature to them. It is not required that the signing or acknowledgment be in the presence of both witnesses at the same time. (Matter of Davis, 7 Misc 2d 618.)
It is clear from reading the statute that the procedural formalities called for have not been complied with in the factual setting hereinabove described. What is not clear however, is how far the courts have gone in allowing deviations from those prescribed procedural formalities, particularly where the instrument in question has not been executed under the auspices of an attorney. Not surprisingly there are numerous precedents which have addressed themselves to just that issue now before the court.
One of the earliest reported cases is Lewis v Lewis (11 NY 220). In that case the will was dated February 2, 1849 and was propounded in November, 1850. Both witnesses testified that the testator, as in the within case, called the witnesses into his offices one after the other. That thereupon, the testator folded the document in such a fashion that only the line for their signature appeared. They further testified that the testator did not sign the document in their presence nor did he acknowledge his signature to them. Probate in that case was denied.
In Matter of Mackay (110 NY 611) a situation factually the same as in Lewis (supra) the court again denied probate. In Matter of Keeffe (155 App Div 575, affd 209 NY 535) the document was so folded when the first witness signed it that he could see the testator’s signature, but when the second witness later signed it, it was so folded that he could not see the testator’s signature. The court denied probate stating (p 577): "The will was not signed in the presence of either witness. To be validly executed, therefore, the subscription, not the will, must have been acknowledged to each of the witnesses. An acknowledgement to one will not do.”
Both Mackay and Keeffe (supra) were followed in Matter of Redway (238 App Div 653, affd 265 NY 519). (See, also, Matter of Bernsee, 141 NY 389, and Matter of Bender, 58 Misc 2d 324.)
The decision in Matter of Levine (1 AD2d 778, affd 2 NY2d 757) is not contrary to the above decisions. Therein the court, in reversing the Surrogate, held that the instrument should not have been rejected on the sole ground that the decedent made no express acknowledgment to the second subscribing witness, where the instrument had been subscribed by the *245 decedent, where she declared the same to be her will, and where the signature on the will was clearly visible to this witness.
The proponents of the instrument now before the court cite the case of Matter of Akers (74 App Div 461, affd 173 NY 620). The will in Akers was handwritten. Neither of the witnesses saw the testator sign his name, but the first witness testified that the testator’s signature was upon the document when he witnessed it. The second witness did not recall whether the testator’s signature was on the document when he witnessed it. Both witnesses were present with the testator when he requested them to sign his will as witnesses. In admitting the will to probate the court stated (p 464) that there had been substantial compliance with the statute. “Where the testator produces the paper subscribed by him, although such subscription is not made in the presence of the witnesses, but he declares it to be his last will and testament and requests the witnesses to attest it, it is sufficient as an acknowledgement of its subscription.” (Emphasis added.)
In Matter of Hunt (110 NY 278), also cited by the proponents, the decision in Lewis (supra) was distinguished. In Lewis the instrument was so folded that the witnesses could not have seen the testator’s signature. In Hunt, the witnesses could not recollect the circumstances surrounding the execution. In upholding the probate the court quoted (p 282) the language in Lewis: “Mere want of recollection on the part of the witnesses will not invalidate the instrument, and, in the cases cited by counsel, the courts establishing the wills propounded have done so upon the ground that they were satisfied from the circumstances proved that the wills were duly executed and that the witnesses had forgotten, thus relieving the parties interested against the infirmities of humanity and the uncertainty of human recollection.”
In summarizing the above precedents, it can be stated that where the witnesses cannot recollect the circumstances surrounding the execution of the instrument, the document may be admitted to probate. (Matter of Akers and Matter of Hunt, supra.) Given considerable weight in such cases is the length of time elapsing between the execution of the document and its being offered for probate.
Where, however, there is no question that the testator did not sign Ms name in the presence of the witness and further failed to acknowledge his signature, then in such a case a *246 motion for summary judgment would indeed be appropriate. (See Matter of Mackay, 110 NY 611, supra; Matter of Keeffe, 209 NY 535, supra; Matter of Redway, 265 NY 519, supra; Matter of Pascal, 309 NY 108.)
The instrument before the court is dated December 29, 1976. The witnesses’ testimony was taken only four months thereafter on May 2, 1977. The first witness has testified that he was not told what he was signing; that the testator did not sign his name in the witness’ presence; that the document was so folded that he could not tell whether the testator’s signature was on the document and that the testator never acknowledged any signature to him. The testimony of the second witness is equivocal and covers the widest range of possibilities. Alternatively, he testified that the testator’s signature was on the document, was not on the document, or that he did not recall whether it was or was not upon the document. In any event, said "signature,” was in no way or manner acknowledged by decedent to this witness.
Based on the testimony adduced, as well as the precedents examined, the court finds that the testator’s signature was not acknowledged to either witness as required by statute.
As a matter of law, no question of fact exists which can cure this substantial, substantive and fatal defect of due execution. Accordingly, the motion for summary judgment is granted, the petition for probate dismissed and preliminary letters heretofore granted are revoked.
Finally, this court must note how this proceeding once again points up the disastrous results which can occur when a lay person takes it upon himself to do his own will. In this case, decedent was a young and intelligent person who was knowledgeable in death and estate matters due to his professional status as a funeral director. Nevertheless, his do-it-yourself will did not meet the requirements of law, with the unfortunate result that his intentions as expressed in the purported will were thwnrted. The court cannot ignore this opportunity to warn others to seek professional legal advice and guidance before they execute such a vitally important document as their last will and testament.