■ In the Matter of the Estate of Louis Levy, Deceased. Marilyn Magid, Individually and as Executrix of Louis Levy, Deceased, Appellant; Allan Levy et al., Respondents.—Mikoll, J. Appeal from an order of the Surrogate's Court of Sullivan County (Fromer, S.), entered April 9, 1990, which, *inter alia,* granted respondents' cross motion to deny probate of an instrument purporting to be a codicil of decedent's will.

The primary question presented on this appeal is whether Surrogate's Court properly granted respondents' cross motion for summary judgment denying probate of a purported codicil to decedent's will on the ground that the codicil was not executed in conformity with the requirements of EPTL 3-2.1 (a) (2). The question is answered in the affirmative and the order of Surrogate's Court should therefore be affirmed.

A purported codicil to decedent's will was offered for probate by petitioner, decedent's daughter and executrix of his estate, following decedent's death on May 25, 1988. Decedent's son, respondent Allan Levy, and grandchildren, respondents Eric Levy, Sheila Levy Handler and Sherry Levy, filed objections to probate claiming, *inter alia,* that the codicil was not executed in accordance with EPTL 3-2.1 (a) (2). The codicil would devise certain real property known as "The White Lake Mansion House", previously devised to respondents, to petitioner and her heirs.

The relevant events happened when David Levine and his wife were visiting their long-time friend, decedent, at his home in Sullivan County. Levine testified at his examination before trial that decedent mentioned changing his will and

asked him and his wife to sign as witnesses. Levine said decedent then handed the codicil to him and asked him to sign it. Levine did so and then handed the codicil to his wife to sign. She did so and Levine then handed the codicil back to decedent. Levine could not recall whether the typewritten material was printed on the document before he signed it, although he believed it was. Levine also could not recall whether the notary stamp or decedent's signature was on the document before he signed it. However, in his affidavit executed some 17 months after he gave his oral deposition, Levine stated that both decedent's notary stamp and signature were on the codicil at the time he and his wife signed as witnesses. Levine did not observe decedent affix anything to the codicil. He also testified that there was no discussion with decedent other than the request to sign the document. Levine's wife testified at her examination before trial that she signed the codicil but could not recall seeing the notary stamp, the typewritten material or decedent's signature. She also testified that she could not recall if she saw decedent sign the document and that she was not completely sure she was in the room when her husband signed as a witness.

Under EPTL 3-2.1 (a), "[t]wo facts are essential—that the testator sign his name, and that the witnesses see him sign or that he acknowledges his signature to them" *(Matter of Daly,* 93 Misc 2d 241, 243-244; *see, Matter of Redway,* 238 App Div 653, 655, *affd* 265 NY 519). The record sustains the finding of Surrogate's Court that the codicil was not properly executed. There was no testimony from the purported witnesses that decedent signed the codicil in their presence or that decedent acknowledged that he had signed the document. There was a large blank area between the typewritten matter at the top of the codicil and decedent's notary stamp. Below this notary stamp was his signature and below that were the two signatures of the Levines, one on the right and the other on the left. There was no attestation clause on the document. Clearly, in these circumstances, there is insufficient proof that the essential requirements of EPTL 3-2.1 (a) (2) were met.

The only issue presented for resolution by Surrogate's Court was a legal one—namely, whether the codicil was executed in compliance with EPTL 3-2.1 (a) (2) and, although unusual in a contested probate proceeding, summary relief was properly granted here as there were no factual questions raised relating to execution *(see, Matter of Kemble,* 149 AD2d 899, 901; *Matter of Cioffi,* 117 AD2d 860, 861; *see also, Matter of Heaney,* 75 Misc 2d 732, 735, *affd* 44 AD2d 828).

In view of our affirmance of the order denying probate, the issues relating to discovery raised by the parties are academic and we decline to address them.

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.