■ In the Matter of the Estate of BERTHA E. RUSO, Deceased. DAVID S. HALL, Appellant; JOHN KIRCHNER, JR. et al., Respondents. [622 NYS2d 137] —Casey, J. Appeal from a decree of the Surrogate's Court of Albany County (Marinelli, S.), entered January 31, 1994, which granted respondents' motion for summary judgment and admitted to probate an instrument purporting to be the last will and testament of decedent.

After decedent's death in 1991, two wills were offered to probate. One will was executed by decedent in 1980 and divides her estate among 17 relatives and a local church organization. The second will was executed in 1981 and devises decedent's entire estate to petitioner, who contends that the 1980 will was revoked by decedent's execution of the 1981 will. Respondents, who are devisees under the 1980 will, filed objections to the 1981 will, alleging, *inter alia,* that the execution of the will did not comply with the requirements of EPTL 3-2.1 and that decedent was not competent to execute the 1981 will. After the attesting witnesses to the 1981 will were examined pursuant to SCPA 1404, respondents moved for summary judgment on their objections. Surrogate's Court granted the motion and admitted the 1980 will to probate, resulting in this appeal by petitioner.

We agree with petitioner that the attestation clause attached to the 1981 will demonstrates the existence of triable issues of fact on the question of compliance with the requirements of EPTL 3-2.1. "The attestation clause is always some proof of due execution of the will" *(Matter of Nelson,* 141 NY

152, 156 [citation omitted]), and the courts have recognized an attestation clause "as *prima facie* evidence of the facts certified by it" *(Matter of Sizer,* 129 App Div 7, 9, *affd* 195 NY 528). The formal attestation clause is, however, insufficient "when it positively appears that the essential elements in the due execution of a will were absent" *(Matter of Turell,* 166 NY 330, 337). Respondents contend that the testimony of the attesting witnesses conclusively establishes the falsity of the statements of the attesting clause, but we disagree. The attesting witnesses testified that they were present at the will execution ceremony and that they signed the attestation clause. Although they were unable to recall the details of the brief ceremony which had occurred some 10 years earlier, that is not the same as testifying that the formalities described in the attestation clause did not occur. The failure of the attesting witnesses to recollect the event may be significant in determining whether the formalities of execution were followed, but it does not preclude the court as a matter of law from admitting the will to probate *(see, Matter of Collins,* 60 NY2d 466, 473). We reject respondents' contention that the attestation clause is not admissible evidence. Based upon the testimony of the attesting witnesses taken pursuant to SCPA 1404, it cannot be said that as a matter of law the attestation clause does not meet the requirements for admission as past recollection recorded *(see,* Fisch, NY Evidence §§ 334-338, at 218-221 [2d ed]). Recitals contained in the attestation clause of a will are generally admissible in connection with the execution issue *(see,* Fisch, NY Evidence § 106, at 65 [2d ed]).

As an alternative ground for affirmance of the decree, respondents contend that they are entitled to summary judgment on the issue of decedent's competence, an issue which Surrogate's Court did not reach because of the resolution of the execution issue. We disagree. Respondents submitted an affidavit of a physician who examined decedent shortly before the 1981 will was executed. The physician diagnosed decedent as suffering from senile dementia and based upon the diagnosis concluded that decedent was not competent to execute a will. Petitioner submitted the affidavit of a physician who had not examined decedent but explained that senile dementia is not a condition which necessarily renders a person incompetent at all times because the condition is progressive and is often characterized by periods of lucid behavior during which the person would be competent to execute a will. The expert evidence and the equivocal testimony of the attesting witnesses created a question of fact on the issue of decedent's

competence. Respondents, therefore, are not entitled to summary judgment on either issue, and the decree of Surrogate's Court must be reversed.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the decree is reversed, on the law, with costs, and motion denied.