*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015                    519834
_____

In the Matter of the Estate of
    JOSEPHINE YEN, Deceased.

JENNIFER YEN,
                        Appellant;            MEMORANDUM AND ORDER

ANDREW YEN,
                        Respondent.
_____

Calendar Date:  February 18, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

        Whiteman Osterman & Hanna, LLP, Albany (Margaret J. Gillis
of counsel), for appellant.

        Miller Mayer, LLP, Ithaca (John Moss Hinchcliff of
counsel), for respondent.

_____

Garry, J.

        Appeal from an order of the Surrogate's Court of Tompkins
County (Cassidy, S.), entered June 3, 2014, which granted
respondent's motion for summary judgment dismissing the petition.

        Following the death of decedent in October 2013,
petitioner, who was decedent's granddaughter, commenced this
proceeding seeking probate of a 2012 will that named her as the
executor and bequeathed all of decedent's property to her.
Respondent — who is decedent's son and petitioner's father —
filed objections to the probate of the will alleging that it was
not duly executed, among other things, and thereafter moved for
summary judgment.  Following an examination of the attesting

witnesses pursuant to SCPA 1404, Surrogate's Court granted
respondent's motion and dismissed the petition.  Petitioner
appeals.

To be duly executed, a will must be subscribed by the
testator in the presence of at least two attesting witnesses, or
the testator must acknowledge his or her signature to the
witnesses.  The testator must also declare to each witness that
the document is the testator's will (see EPTL 3-2.1 [a]).  Here,
the subject will contains an attestation clause.  However,
Surrogate's Court must nonetheless examine the attendant
circumstances to determine the validity of the will, and it is
well established that the attestation clause standing alone will
not suffice to meet the proponent's burden of demonstrating due
execution by a preponderance of the evidence if affirmative proof
reveals that the required elements were lacking (see Matter of
Turell, 166 NY 330, 337 [1901]; Matter of Falk, 47 AD3d 21, 26
[2007], lv denied 10 NY3d 702 [2008]).  In this analysis, "the
testimony of the attesting witnesses is entitled to great weight"
(Matter of Collins, 60 NY2d 466, 473 [1983]).

The subject will was signed while decedent was residing in
an assisted living facility and bears the signatures of two
attesting witnesses who worked at the facility and a third
witness who resided there.  Decedent's signature appears on page
27; the attestation clause begins immediately below her signature
and then continues onto the final page, where the witnesses'
signatures appear.  In support of his motion for summary
judgment, respondent submitted, among other things, transcripts
of the SCPA 1404 examinations of these witnesses.  The first
witness, who worked at the facility as an assistant recreation
coordinator, testified that decedent approached him in a hallway
and asked him to sign a document that she stated was her will.
The document was folded in such a way that the only page the
witness saw was the page that he signed.  He testified that he
signed the page while standing in the hallway, did not look at
any other part of the document, and did not know whether decedent
had signed it before he did.  As decedent neither showed her
signature to this witness nor signed the will in his presence,
his signature as an attesting witness does not meet the statutory
requirements (see EPTL 3-2.1 [a] [2]; Matter of Bender, 58 Misc

2d 324, 325-326 [Sur Ct, Cattaraugus County 1968]; Margaret V. Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 3-2.1 at 8; compare Matter of Dujenski, 147 AD2d 958, 958 [1989]).

The second attesting witness, who resided in the assisted living facility, testified that she stopped to chat with decedent after encountering her in a hallway, and decedent asked her to sign a paper. The second witness agreed to do so, as she explained, because "people from foreign countries who immigrate [are] always signing things."[1] As to whether she knew that the document was a will, she described it as a "handful of papers" and stated, "I'm not saying that I know that I was witnessing the signing of a will. Somehow will just didn't enter into it." She stated that she "skimmed" through the document before signing it and conjectured that there might have been a title that she could have seen while doing so. No reasonable reading of this speculative statement, nor of any other part of her testimony, establishes that she knew that the document was decedent's will. This second witness further testified that she did not recall seeing decedent's signature on the document or hearing decedent state that she had signed it. Instead, she stated that the only page that she examined was the page with witness signatures; as to this page, she recalled that the first witness was still nearby and that his signature was already present at the top of the page when she signed it. As decedent did not tell the second witness that the document she was signing was her will and the witness did not see decedent's signature, her signature also fails to meet the statutory requirements (see Matter of Turell, 166 NY at 337-338; Matter of Mackay, 110 NY 611, 614-615 [1888]; Matter of Pirozzi, 238 AD2d 833, 834 [1997]; Matter of Griffin, 81 AD2d 735, 735 [1981], lv denied 54 NY2d 602 [1981]).

Respondent's submissions provide affirmative proof that two out of three of the attesting witnesses did not sign the will in conformity with the statutory requirements; accordingly, he met his prima facie burden on summary judgment (see Matter of Levy, 169 AD2d 923, 924 [1991]; Matter of Redway, 238 App Div 653, 655

_____

[1] Decedent was born in China.

[1933], affd 265 NY 519 [1934]; Matter of Daly, 93 Misc 2d 241, 245-246 [Sur Ct, Albany County 1978]).[2]  In opposition, petitioner's submissions consisted solely of affidavits from individuals who were not present when the will was signed.  These affidavits addressed issues such as the quality of decedent's relationship with respondent and tended to establish that, before signing the subject will, decedent had made statements declaring her intent to write a new will and to alter the provisions of her prior will.  It was further established that decedent had sent the subject will to petitioner's husband, an attorney, after it was signed and more than one year prior to her death.  However, petitioner's submissions failed to raise any factual issues relative to whether the will was duly executed, and failed to reveal that there is any evidence available that would or could demonstrate due execution (see SCPA 1405 [3]; Matter of Collins, 60 NY2d at 469).  Accordingly, although summary judgment in contested probate proceedings is unusual, we find that it was properly granted here (see Matter of Levy, 169 AD2d at 924; Matter of Daly, 93 Misc 2d at 245-246; Matter of Heaney, 75 Misc 2d 732, 735 [Sur Ct, Nassau County 1973], affd 44 AD2d 828 [1974]).

Peters, P.J., Lahtinen and Lynch, JJ., concur.

---

[2]  Although unnecessary for this determination, we note that there was a self-proving affidavit executed by the third attesting witness asserting that she had seen decedent's signature on the will.  However, during the SCPA 1404 hearing she provided testimony to the contrary, stating that she had been mistaken, and that the signature she had seen was that of the first attesting witness, not that of decedent.  She testified that the only page of the will that she saw when she signed it was the page signed by the witnesses, and that she did not see the page signed by decedent.  Her testimony as to whether decedent told her that she had signed the will was contradictory and inconsistent.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court