In the Matter of GEORGE DAVID COSTELLO, SR., Also Known as GEORGE D. COSTELLO, SR., Deceased. IONA COSTELLO, Appellant; AMANDA HURWITZ et al., Respondents. [26 NYS3d 545]—

In a contested probate proceeding, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), entered March 4, 2014, which granted the motion of the objectants Amanda Hurwitz and Gretchen Aquanita for summary judgment dismissing the probate petition.

Ordered that the order is affirmed, with costs.

In order for a will to be admitted to probate, "it must be established that all the writing formed a single instrument which the [testator] subscribed and . . . published as [his or her] will in the presence of the attesting witnesses" (*Matter of Allen*, 282 NY 492, 496 [1940]). "[I]f a testator desires to execute as a will or codicil several sheets of paper they must be all present at the time of execution" (*Matter of Dake*, 75 App Div 403, 410 [1902]).

" 'A valid attestation clause raises a presumption of a will's validity, [but] it is nonetheless incumbent upon [the] Surrogate's Court to examine all of the circumstances surrounding the execution of the document in order to ascertain its validity' " (*Matter of Lewis*, 114 AD3d 203, 212 [2014], *mod* 25 NY3d 456 [2015], quoting *Matter of Halpern*, 76 AD3d 429, 431 [2010], *affd* 16 NY3d 777 [2011]; *see Matter of Templeton*, 116 AD3d 781, 781-782 [2014]; *Matter of Mele*, 113 AD3d 858, 860 [2014]). In conducting this examination, " 'the testimony of the attesting witnesses is entitled to great weight' " (*Matter of Yen*, 127 AD3d 1466, 1467 [2015], quoting *Matter of Collins*, 60 NY2d 466, 473 [1983]; *see Matter of Falk*, 47 AD3d 21, 26 [2007]).

Here, the attesting witnesses both testified at their depositions that they did not read the attestation clause. Under these circumstances, the attestation clause cannot carry any presumption that the will was properly executed (*see Woolley v Woolley*, 95 NY 231, 236 [1884]; *Matter of Malley*, 6 Misc 2d 31, 32 [Sur Ct, Westchester County 1957]; *Matter of King*, 130 Misc 907, 911 [Sur Ct, Schoharie County 1927]; *Matter of Hitchler*, 25 Misc 365, 367 [Sur Ct, Erie County 1898]). The

moving objectants met their prima facie burden of establishing that the purported will was not properly executed by submitting evidence that not all of the pages of the document alleged to be the decedent's will were present at the time of the purported execution (*see Matter of Yen*, 127 AD3d at 1468; *cf. Matter of Shapiro*, 65 AD3d 790, 791 [2009]; *Matter of Ruso*, 212 AD2d 846, 846-847 [1995]). In opposition, the petitioner failed to raise a triable issue of fact (*see Matter of Yen*, 127 AD3d at 1468; *cf. Matter of Ruso*, 212 AD2d at 846-847). Contrary to the petitioner's contention, the evidence regarding the testamentary intent of the decedent does not raise a triable issue of fact because, with respect to due execution, " 'courts do not consider the intention of the testator, but that of the legislature,' " such that the statutory requirements of due execution are determinative (*Matter of Andrews*, 162 NY 1, 6 [1900], quoting *Matter of O'Neil*, 91 NY 516, 521 [1883]; *see Matter of Peabody*, 279 App Div 826, 826-827 [1952]; *Matter of Winters*, 277 App Div 24, 27 [1950], *affd* 302 NY 666 [1951]).

Accordingly, the Surrogate's Court properly granted the moving objectants' motion for summary judgment dismissing the probate petition. Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.