Matter of Ayan (2026 NY Slip Op 50249(U))

[*1]

Matter of Ayan

2026 NY Slip Op 50249(U)

Decided on March 3, 2026

Surrogate's Court, Monroe County

Ciaccio, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 3, 2026
Surrogate's Court, Monroe County

In the Matter of the Estate of Augustin Ayan, Deceased 
 Proceeding to Probate his Last Will and Testament

File No. 2025-371

David C. Sieling, Esq., David Sieling Law PLLC, Rochester, New York, Attorney for Proponent Leida Ayan.Roger Colmena, Esq., Morgan Legal Group, P.C., New York, New York, Attorney for Objectants Yamilet Ayan and Mayelin Ayan.

Christopher S. Ciaccio, S.

In this proceeding to probate a purported Last Will and Testament the Proponent has moved for summary judgment. The issue is whether the elements of due execution have been satisfied where the alleged testator could not speak, read or understand the language in whichthe instrument is written, and the only competent witness who testified at a 1404 examination, cannot remember anything about the signing, and could not read, speak or understand the alleged testator's language. 
BACKGROUND
The undisputed facts are as follows:
On March 17, 1992, Agustin Ayan (the "decedent") executed an instrument that devises and bequeaths all property to his then girlfriend, Leida, and a daughter, Waikuen, in equal shares, and nominates Leida as executrix (the "Instrument").
The Instrument was drafted by attorney Rudolph LePore, Esq. ("LePore"), in the English language, and was witnessed by LePore and attorney John Scatigno, Esq. ("Scatigno").
The Decedent died on January 19, 2024, and was survived by Leida, who he had since married, and three daughters Waikuen, Mayelin, and Yamilet.
Thereafter, Leida, the nominated executor, petitioned for probate of the Instrument.
The Morgan Law Group appeared at the return of citation on behalf of Mayelin and [*2]Yamilet (the "Objectants"), each of whom received nothing under the Instrument. Objectants filed a "Verified Answer, Request for SCPA § 1404 Hearing and Reservation for Filing of Verified Objections."
At the 1404 examination, counsel for the Proponent took the testimony of witness Scatigno who stated that he recognized his signature on the Instrument although he had no recollection of the event or ever meeting the testator. He also recognized the signature of the other attesting witness, LePore. He was not asked if LePore was the draftsman, although he said it was the "procedure" that the "drafter would take control and . . . go over the Instrument with the client, and would declare it to be the Instrument and then the person would sign, sometimes, initial, and then we would witness that signature."
Counsel for both parties stipulated to dispense with the testimony of LePore, an "attesting witness," as he was too infirm to testify. That stipulation was reduced to an Order of the court, which reads as follows:
Upon reading and filing the affirmation of [counsel for the Proponent] dated June 24, 2025, which states why Rudolph LePore, the attesting witness to the instrument offered for probate in the above-entitled proceeding, is unable to appear in this Court, it is hereby ORDERED that the testimony of Rudolph LePore, as an attesting witness to the instrument offered for probate herein, is hereby dispensed with in this probate proceeding . . .Counsel for the Proponent subsequently moved for summary judgment. His proof consisted of the Instrument and Scatigno's 1404 examination testimony.
In opposition, counsel for the Objectants submitted an affidavit from each of the decedent's daughters, Yamilet and Mayelin who averred that as of the date of the execution of the Instrument their father could not read, speak or understand English and Spanish being the only language he could understand. Consequently, he could not have understood the contents of the Instrument unless it was read to him in Spanish.
In a submission entitled "Reply Affirmation," counsel for the Proponent asserted in the heading of the affirmation that "The Will was Undisputedly Translated by Rudolph LePore During Execution."
In support of this claim, he cites to a transcript of a "Remote Deposition" of LePore, a portion of which - one page of testimony plus a cover page - is attached to the "Reply Affirmation." It is dated November 8, 2024. Nowhere in the testimony does it say who asked the questions, nor is there any indication that LePore was sworn to tell the truth.
On this one page of a supposed deposition LePore states that he speaks Spanish, and that he translated the Instrument for the Decedent. LePore says that attorney Scatigno was "there" for the "interview" and that "we went over the terms just to make sure that I read it to him in [*3]English and also in Spanish."[FN1]

DISCUSSION
Starting with the basics, the requirements for the due execution of a Will are set forth at EPTL § 3-2.1. "[T]he Will must be in writing, signed at the end thereof by the testator, the signature must be affixed in the presence of each of the attesting witnesses or acknowledged by the testator to each such witness to have been affixed by her, she must declare to each attesting witness that the instrument is her Will, there shall be two witnesses whose attestations shall be within a 30-day period, and the witnesses must sign at the testator's request" (Matter of Swing, 85 Misc 3d 1253[A], 2025 NY Slip Op 50518[U], *5-6 [Sur Ct, Oneida County 2025]).
Presumptions of regularity arise if a Will is supervised by an attorney-draftsman, contains properly executed attestations, or includes a self-executing affidavit (Matter of Coniglio, 242 AD2d 901, 902 [4th Dept 1997];Matter of Falk, 47 AD3d 21, 26 [1st Dept 2007]; Matter of Leach, 3 AD3d 763, 764-65 [3d Dept 2004]; Matter of Clapper, 279 AD2d 730, 731 [2001]). "A self-executing affidavit . . . creates a presumption that the will was duly executed and constitutes prima facie evidence of the facts therein attested to by the witnesses" (Matter of Leach, 3 AD3d 763, 764-65 [3d Dept 2004] [internal quotation and citation omitted]).
Furthermore, a presumption of due execution exists where the document propounded for probate is an "ancient" document that is greater than 30 years old, taken from a natural place of custody, and is of an unsuspicious nature (In re Brittain's Will, 54 Misc 2d 965, 965 [Sur Ct 1967], citing 7 Wigmore on Evidence (3rd Ed.) §§ 2137-2140).
Notwithstanding said presumptions, it is "incumbent upon Surrogate's Court to examine all of the circumstances attendant to the execution of the document in order to ascertain its validity (Matter of Falk, 47 AD3d 21, 26 [1st Dept 2007], citing Matter of Collins, 60 NY2d 466, 471 [1983]; and Matter of Yenei, 132 AD2d 870 [3d Dept 1987]).
"[C]ircumstances attendant to the execution" may come to light at the examination of the attesting witnesses held pursuant to a SCPA 1404, but more appropriately, they may consist of evidence produced at a hearing pursuant to SCPA 1408, which requires that "[b]efore admitting a will to probate the court must inquire particularly into all [emphasis added] the facts and must be satisfied with the genuineness of the will and validity of its execution" (SCPA 1408 [1]; see Matter of Yen, 127 AD3d 1466, 1467 [3d Dept 2015], quoting Matter of Collins, 60 NY2d 466, 473 [1983]; see also Matter of Falk, 47 AD3d 21, 26 [1st Dept 2007]).
To overcome a presumption of regularity, "there must be positive proof that the formal requirements of execution were not met" (Matter of Pilon, 9 AD3d 771, 772 [3d Dept 2004], citing Matter of Turell, 166 NY 330, 337—338 [1901]; Matter of Ruso, 212 AD2d 846, 847 [3d Dept 1995]).
The inability of the attesting witnesses to specifically recall the execution does not by itself overcome the presumption (see Matter of Collins, 60 NY2d 466, 468 [1983] ["A will may be admitted to probate notwithstanding the failed or imperfect memory of both attesting witnesses"]). Failing to "remember the details of the execution ceremony is 'not the same as testifying that the formalities described in the attestation clause did not occur' " (Matter of Leach, 3 AD3d 763, 765 [3d Dept 2004], quoting Matter of Ruso, 212 AD2d 846, 847 [3d Dept 1995]).However, a failure of the attesting witnesses' recollection "intensifies the care and vigilance that must be exercised in examining the remaining evidence" (Matter of Collins, 60 NY2d 466, 473 [1983], citing Matter of Kellum, 52 NY 517, 519 [1873]).
Here, the execution of the Instrument was supervised by an attorney-draftsman and includes a self-executing affidavit, which "raises a presumption of a will's validity"[FN2]
(Matter of Costello, 136 AD3d 1028, 1028 [2d Dept 2016]).
On that basis, and without advancing to a SCPA 1408 hearing, the Proponent has moved for summary judgment, the presumption having given rise to a prima facie case for the validity of the Instrument and probate (see Matter of Halpern, 76 AD3d 429 [1st Dept 2010], affd 16 NY3d 777 [2011]).
The burden thus shifts to the Objectants to raise, by admissible evidence, a material issue of fact that the Instrument was not executed in accordance with the requirements of the statute. "To defeat a summary judgment motion, the Objectant must come forward and lay bare his proof"(Matter of Curtis, 87 Misc 3d 1255[A], 2024 NY Slip Op 51885[U], *4 [Sur Ct, Saratoga County 2024], citing Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Facts must be construed in the light most favorable to the non-moving party (Matter of Rodriguez, 239 AD3d 1270, 1270-71 [4th Dept 2025]).
It is apparent that the Objectants have come forward with sufficient admissible proof to defeat the motion for summary judgment.
Upon this court's examination of all the circumstances attending the execution, and giving those circumstances all of the "care and vigilance" (Matter of Collins at 473) required in light of both the failure of either of the attesting witnesses to provide testimony recalling the event as well as the testator's "lack of facility with English" (Matter of Sook Li, 72 Misc 3d 988, 996 [Sur Ct , Queens County 2021]), and acknowledging the "greater burden in establishing that the mind of the testator accompanied the act, and that the instrument executed speaks the testator's language and expresses the testator's will" (id.), it is clear — indeed, that it nearly justifies summary judgment in favor of the Objectants — that the requirements of due execution were not met.
The Objectants assert, without contradiction, that their father could not speak, understand or read English. The (only competent) attesting witness testified that he recalled nothing about the execution, including whether the Instrument, written in English, was read to the testator in his native language. 
As set forth above, in her Reply affidavit, the Proponent submitted a transcript of an apparent deposition of the supposed attorney-draftsman [FN3]
- LePore. The authenticity of the testimony is in no way established, and no foundation has been laid for its admissibility. The court cannot presume its validity or consider its contents, particularly when introduced in a Reply to cure a deficiency in the movant's prima facie case. Accordingly, the submission is not admissible and is not considered.
No circumstances beyond the attestation clauses (and perhaps the self-executing affidavits) are presented that are "corroborative of due execution" (Matter of Collins, 60 NY2d 466 at 471).
The requirement of EPTL 3-2.1(a)(3) that the testator declares to each attesting witness that the instrument is his Will is not a hollow ritual.
The law is clear that a language barrier does not preclude probate per se, but where an issue of fact exists as to a decedent's ability to understand the language of the instrument, the proponent must demonstrate that the testator knew and approved of the contents of the document (Matter of Watson, 37 AD2d 897, 898 [3d Dept 1971]). Such proof is entirely absent here. (Matter of Sook Li, 72 Misc 3d at 996).
The case of Matter of Dybalski (199 AD 677 [4th Dept 1922], affd 234 NY 510 [1922]) is not opposite. There a language barrier existed between the testator and one of the attesting witnesses, and that witness could not say what was read to the testator or what she said in response, i.e., affirming it was her will. Nonetheless, the court found sufficient "surrounding circumstances" to allow the conclusion that the will had been properly executed (Matter of [*4]Dybalski, 199 AD at 680), circumstances, including the testimony of the other attesting witness and a third person, which are not present here.
Accordingly, the Proponent's motion for summary judgment is denied.
Next up is whether summary judgment should be granted to the Objectants. "If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion" (CPLR 3212 [b]).
It is true that the account stated in the affidavits of the decedent's daughters call into question whether the Instrument was duly executed given the decedent's lack of understanding of English, and that account has gone uncontradicted. Nonetheless, they are interested witnesses who would take considerably more of the decedent's estate than they inherit under the Instrument, which is nothing (see Matter of Sook Li, 72 Misc 3d at 996), and the court finds that their interest alone creates a question of fact.
Notably, it has been held often that summary judgment in a probate proceeding is rare (Matter of Coniglio, 242 AD2d 901, 901 [4th Dept 1997]; Matter of Rodriguez, 239 AD3d 1270, 1270 [4th Dept 2025]).
Accordingly, summary judgment is denied to the Proponent.
Summary judgment is also denied to the Objectants. While their affidavits are sufficient to raise a triable issue of fact, their status as interested witnesses precludes a finding in their favor. A determination as to the credibility of their testimony is reserved for a hearing pursuant to SCPA 1408.
Counsel for the Proponent shall file a proposed Order.
Dated: March 3, 2026Rochester, New YorkHon. Christopher S. CiaccioSurrogate, Monroe County

Footnotes

Footnote 1:It is not clear who "we" is meant to signify.

Footnote 2:The Appellate Division, Third Department holding in Matter of Hutchinson (13 AD3d 704, 707 [3d Dept 2004]) is contrary to holdings by the Second Department in Costello, the First Department in Halpern, and the Court of Appeals in Collins. Hutchinson says that consistent with SCPA 1405, where one witness has forgotten the event, there must be "other facts" present to validate the Will. True enough, but according to Collins and its progeny, a will nonetheless attains the presumption of validity based on the attestations and the observation of other formalities. It is then up to the objectants to overcome the presumption through the examination of the witnesses and other evidence. At that point the proponent and the objectants are on an even playing field, and the court must either set it down for trial — if there are genuine issues of fact, such as existed in Hutchinson - or grant summary judgment to one or the other, but to hold that no presumption arises because one of the witnesses can't recall the event is to jump prematurely down the procedural path. 

Footnote 3:I say "supposed" because witness Scatigno does not positively state that his employer, LePore, supervised the execution, and in the absence of that affirmation, the court declines to infer that an attorney-draftsman, here LePore, supervised the execution ceremony.